# IN THE COURT OF APPEALS OF IOWA

No. 16-0827
Filed May 3, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**SEAN NEAL DELACY,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Henry County, Mark E. Kruse (guilty plea) and John G. Linn (motion in arrest of judgment and sentencing), Judges.

A defendant appeals his conviction challenging the knowing and voluntary nature of his guilty plea. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Brenda J. Gohr, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.

Considered En Banc.

**VOGEL, Judge.**

Sean Delacy appeals the conviction entered following his guilty pleas to the charges of sexual exploitation of a minor and lascivious acts with a child. *See* Iowa Code §§ 709.8(1)(a), (2)(a), 728.12(1) (2015). Delacy asserts the court's failure to inform him of the applicable statutory surcharges violated Iowa Rule of Criminal Procedure 2.8(2)(b)(2). He also contends his counsel was ineffective by not challenging his guilty plea through a motion in arrest of judgment based on the court's failure to inform him of the applicable surcharges. We affirm Delacy's conviction.

**I. Background Facts and Proceedings.**

Delacy was charged with a total of twenty-three counts arising from his actions with his cousin's six-year-old child. The trial information was amended multiple times, but ultimately, Delacy faced four counts of sexual abuse in the second degree, in violation of Iowa Code section 709.3(1)(b) and (2), class "B" felonies each carrying a twenty-five-year sentence, *see* Iowa Code § 902.9(1)(b); one count of sexual exploitation of a minor, in violation of Iowa Code section 728.12(1), a class "C" felony carrying a ten-year sentence, *see* Iowa Code § 902.9(1)(d); seventeen counts of sexual exploitation of a minor, in violation of Iowa Code section 728.12(3), aggravated misdemeanors each carrying a two-year sentence, *see* Iowa Code § 903.1(2); and one count of lascivious acts with a child, in violation of Iowa Code section 709.8(1)(a) and (2)(a), a class "C" felony carrying a ten-year sentence, *see* Iowa Code § 902.9(1)(d). In total, Delacy faced an aggregate term of incarceration of 154 years and a maximum fine of $166,250, along with lifetime supervision under Iowa Code section 903B.1 for the

felony counts and ten years of supervision for the aggravated misdemeanor counts under Iowa Code section 903B.2. In addition, the second-degree sexual abuse charges each carried a seventy-percent mandatory minimum. *See* Iowa Code § 902.12(1)(c).

The week before trial was set to begin, the State and Delacy reached an agreement whereby Delacy would enter an *Alford*[1] plea to lascivious acts with a child and the class "C" felony count of sexual exploitation of a minor. The plea agreement called for the sentences on the two convictions to run consecutively for a total term of incarceration of twenty years, but the remaining twenty-one counts would be dismissed. When entering his guilty plea, Delacy was informed each conviction carried "a maximum penalty of ten years in prison and a fine up to $10,000"[2] and the "minimum penalty on each of these offenses [was] a $1000 fine." Delacy was also advised of the special sentence under section 903B.1, the sex offender registration requirement, and the civil penalty of $250. Delacy was asked to explain what he believed he was gaining by entering his guilty plea and not going to trial. Delacy stated:

> Basically, I'm gaining a shorter sentence than I would be if I would actually go to trial.
> THE COURT: Okay. It [will] be considerably shorter than if you were found guilty; is that fair to say?
> [Delacy]: Yes, it would be quite considerable.

After accepting the plea and finding Delacy guilty, the court advised:

---

[1] *See Alford v. North Carolina*, 400 U.S. 25, 37 (1970) (permitting a defendant to consent to the imposition of a sentence even if he is unwilling or unable to admit participating in the criminal offense).
[2] We note the maximum fine for a violation of section 728.12(1) is $50,000, not $10,000. *See* Iowa Code § 728.12(1).

[A]ny challenge to your plea of guilty based upon any alleged defects in these plea proceedings must be raised by filing a Motion in Arrest of Judgment. Such motion must be raised no later than [forty-five] days from today's date, and in no case later than five days prior to the time and date set for sentencing.

A failure to raise such challenge precludes or waives your rights to raise these challenges on appeal.

After the guilty plea, but before sentencing, Delacy filed a motion for substitute counsel, asserting his attorney had a conflict of interest and coerced him into taking the plea. Delacy's attorney filed a written response to the motion, and a hearing was held where the court denied the same. Also prior to sentencing, Delacy's attorney filed a motion in arrest of judgment per Delacy's instruction. At the hearing on the motion, Delacy asserted he wanted to withdraw his guilty plea because:

I was just stressed out emotionally and everything due to a conversation that me and—me and [defense counsel] had just after the—or beginning of March 1st and everything, and I wasn't thinking straight and everything. I was just—basically, I was just panicked and everything and agreed to take it.

Delacy went on to say that his defense counsel "made it feel that [he] had no choice" and "would be stupid or an idiot or moron if [he] did not take the plea." In a written order, the court denied the motion in arrest of judgment, rejecting Delacy's claims of stress, panic, and pressure from his attorney because such claims were directly contradicted by the colloquy conducted at the guilty-plea hearing. The court concluded the guilty plea was knowing, voluntary, and intelligent and fully complied with Iowa Rule of Criminal Procedure 2.8(2)(b).

The case proceeded to sentencing where the court imposed two, consecutive ten-year terms of imprisonment and a fine of $1000 on each conviction, along with all applicable surcharges. The court ordered Delacy to pay

the court costs, victim restitution, and court-appointed attorney fees but limited the amount of court-appointed attorney fees to $100 based on Delacy's financial condition. He was order to serve the special sentence under section 903B.1 for the rest of his life, register as a sex offender under chapter 692A, and pay a $250 civil penalty.

Delacy appeals.

## II. Scope and Standard of Review.

Challenges to guilty pleas are ordinarily reviewed for the correction of errors at law. *State v. Fisher*, 877 N.W.2d 676, 680 (Iowa 2016). However, Delacy also raises his challenge through the lens of an ineffective-assistance-of-counsel claim, which is reviewed de novo because such a claim has its basis in the Sixth Amendment of the United States Constitution and article I, section 10 of the Iowa Constitution. *Nguyen v. State*, 878 N.W.2d 744, 750 (Iowa 2016).

## III. Analysis.

Delacy claims his plea is invalid because the district court did not inform him of the applicable surcharges under Iowa Code chapter 911. *See Fisher*, 877 N.W.2d at 686 n.6 (concluding "*actual compliance* with rule 2.8(2)(b)(2) requires disclosure of all applicable chapter 911 surcharges"). The surcharges applicable to the charges Delacy pled guilty to include a thirty-five percent surcharge for each offense under Iowa Code section 911.1 and a $100 surcharge under section 911.2B for the lascivious-acts-with-a-child conviction. Under the plea agreement, Delacy agreed to the imposition of the minimum fine for each offense—$1000—but he was not informed that with the applicable surcharges the total fine due for both convictions would be $2800 ($2000 + 35% + $100 =

$2800). He claims the court's failure to inform him of the applicable surcharges renders his plea unknowing and involuntary because the court did not substantially comply with rule 2.8(2)(b)(2).

In order to challenge his guilty plea on appeal, Delacy needed to file a motion in arrest of judgment. *See* Iowa R. Crim. P. 2.24(3)(a) ("A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal."). Delacy did file a motion in arrest of judgment prior to sentencing, but he did not raise, as a challenge in that motion, the court's failure to inform him of the applicable surcharges. His only complaint in the motion in arrest of judgment was that he wished to withdraw his guilty plea because he felt stressed, panicked, and pressured when he pled guilty. Because the surcharge complaint raised now on appeal was not presented to the district court in the motion in arrest of judgment, the court had no opportunity to address the claim, and therefore, the claim is not preserved for our review.[3] *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal."); *State v. Barbee*, 370 N.W.2d 603, 605 (Iowa

---

[3] Delacy also asserts on appeal the district court abused its discretion in denying his motion in arrest of judgment. *See State v. Smith*, 753 N.W.2d 562, 564 (Iowa 2008) ("We review a district court's grant or denial of a motion in arrest of judgment and a motion to withdraw a plea for abuse of discretion."). However, Delacy does not challenge the court's decision on the grounds he raised in his motion but again claims the court should have granted the motion because of its failure to advise him of the applicable surcharges. He notes the *Fisher* decision was issued after his guilty plea but before his motion in arrest of judgment was filed. It appears he claims that the district court was obligated to raise the surcharge issue sua sponte when ruling on his motion in arrest of judgment. We will not conclude the court abused its discretion in failing to rule on a claim that was never presented to the court, nor do we find any support for the assertion the court was required to address this claim sua sponte.

Ct. App. 1985) ("In *State v. Stennett*, 220 Iowa 388, 395, 260 N.W. 732, 736 (1935), the supreme court said the motion in arrest of judgment in order to be considered must point out wherein the deficiency exists. Defendant having failed to specify in his motion in arrest of judgment what errors occurred in the taking of the plea, he is ordinarily precluded from asserting any alleged errors on appeal.").

A failure to preserve a challenge to a guilty plea by raising the issue in a motion in arrest of judgment is excused if the defendant was not advised of the necessity of filing the motion in arrest of judgment and the consequences for failing to do so. *See Fisher*, 877 N.W.2d at 680 (noting a failure to file a motion in arrest of judgment is excused if the defendant was not advised of the necessity to file the motion as required by rule 2.8(2)(d)). However, in this case, Delacy was properly advised under rule 2.8(2)(d), and he did, in fact, file a motion in arrest of judgment, but he did not raise the same challenge to the guilty plea in that motion that he makes on appeal. We therefore agree with the State that the only way Delacy can challenge the court's failure to advise him of the applicable surcharges is to raise such challenge through an ineffective-assistance-of-counsel claim. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006) (noting a challenge to a guilty plea is not barred "if the failure to file a motion in arrest of judgment resulted from ineffective assistance of counsel").

To prove his claim, Delacy must show counsel failed to perform an essential duty and the failure resulted in prejudice. *See id.* Both elements must be proven by a preponderance of the evidence and failure to prove either element is fatal to the claim. *State v. Buchanan*, 800 N.W.2d 743, 747–48 (Iowa

Ct. App. 2011). When challenging a guilty plea proceeding through a claim of ineffective assistance of counsel, the prejudice burden requires proof "there is a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty and would have insisted on going to trial." *Straw*, 709 N.W.2d at 138;[4] *see also Padilla v. Kentucky*, 559 U.S. 356, 372 (2010) (noting to prove the prejudice prong on an ineffective-assistance case involving a guilty plea, the defendant "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances"). When an ineffective-assistance claim is made on direct appeal, we must decide whether the record on appeal is adequate to decide the claim or whether it should be preserved for postconviction-relief proceedings. *State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010). The supreme court has said, "Under the 'reasonable probability' standard, it is abundantly clear that most claims of ineffective assistance of counsel in the context of a guilty plea will require a record more substantial than the one [available on direct appeal]." *Straw*, 709 N.W.2d at 138.

Following the supreme court's decision in *Fisher*, we have been asked to decide many cases where the district court failed to advise the defendant of the applicable surcharges when accepting a guilty plea and the defendant raises that failure through the lens of ineffective assistance of counsel. We have not always been consistent with whether the claim can be addressed on the record provided

---

[4] Delacy asks that we overrule *Straw* and its progeny and hold that where the spirit of rule 2.8(2)(b) has been violated prejudice is presumed, such as in cases in which a guilty plea lacks a factual basis. *See State v. Ortiz*, 789 N.W.2d 761, 764–65 (Iowa 2010) (noting prejudice is presumed where counsel permits a defendant to plead guilty and waive his right to file a motion in arrest of judgment when no factual basis for the crime has been established). Our role is not to overrule controlling supreme court precedent. *State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014) ("We are not at liberty to overrule controlling supreme court precedent.").

on direct appeal.[5]   While it is tempting in this case to conclude there is no reasonable probability Delacy would have insisted on going to trial in light of the substantial reduction in the amount of prison time and fines the plea agreement offered compared to the charges the State filed,[6] ultimately, circumstances underlying the prosecution's motivation for the plea offer and the defendant's willingness to go to trial are facts that should be permitted to be more fully developed.   In cases such as this, where a defendant claims counsel was ineffective in failing to ensure he was properly informed of the consequences of his guilty plea, we determine a defendant should be given the opportunity to develop a record in postconviction-relief proceedings to support his ineffective-assistance claim.

---

[5] Cases where the fine and corresponding surcharges have been suspended include: *State v. Hoxsey*, No. 16-1043, 2017 WL 510983, at *2 (Iowa Ct. App. Feb. 8, 2017) (concluding no prejudice on counsel's failure to inform the defendant of the actual amount of the surcharge); *State v. Marcott*, No. 16-0869, 2016 WL 7393946, at *5 (Iowa Ct. App. Dec. 21, 2016) (preserving the defendant's claims for possible postconviction proceedings); *State v. Thompson*, No. 15-1718, 2016 WL 7403732, at *1–2 (Iowa Ct. App. Dec. 21, 2016) (finding no prejudice); *State v. Trustin*, No. 16-0631, 2016 WL 6902873, at *1 (Iowa Ct. App. Nov. 23, 2016) (finding no prejudice); and *State v. Terrell*, No. 16-0181, 2016 WL 6637544, at *2 (Iowa Ct. App. Nov. 9, 2016) (finding no prejudice).   Cases, like this one, where the fine and corresponding surcharges have been imposed include: *State v. Jones*, No. 16-1015, 2017 WL 510976, at *2 (Iowa Ct. App. Feb. 8, 2017) (concluding no prejudice on counsel's failure to inform the defendant of the surcharge); *State v. Sedlock*, No. 15-1954, 2016 WL 5930883, at *2 (Iowa Ct. App. Oct. 12, 2016) (preserving the defendant's claims for possible postconviction proceedings).

[6] Delacy was charged with twenty-three counts that carried with them the potential, if convicted on each count and if the sentences were run consecutively, for a maximum term of incarceration of 154 years.  He faced a maximum fine on all counts of $166,250. In addition, the four counts of sexual abuse in the second degree each carried a seventy-percent mandatory minimum, which, if run consecutively, would mean Delacy would need to serve at least seventy years in prison before being eligible for parole.  As a result of his guilty plea to only two of those counts, Delacy's sentence dropped to a maximum of twenty years in prison, with no mandatory-minimum term, and a fine of $2000.  The applicable surcharges that he complains the court failed to inform him of before accepting his guilty plea increased the fines he owed by $800.  During the plea proceeding, Delacy himself recognized the considerable reduction in the potential prison term he was gaining by pleading guilty.

Therefore, we affirm Delacy's conviction and preserve his ineffective-assistance claim for postconviction relief.

**AFFIRMED.**