# IN THE COURT OF APPEALS OF IOWA

No. 17-1821
Filed December 19, 2018

**LARRY DEAN BELL SR.,**

Applicant-Appellant,

**vs.**

**STATE OF IOWA,**

Respondent-Appellee.

_____

Appeal from the Iowa District Court for Scott County, Mark J. Smith, Judge.

Larry Bell Sr., appeals the denial of his application for postconviction relief.

**AFFIRMED.**

Stuart G. Hoover of Blair & Fitzsimmons, P.C., Dubuque, for appellant.

Larry Bell Sr., Fort Madison, pro se.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**MULLINS, Judge.**

Larry Bell Sr., appeals the denial of his application for postconviction relief, filed after our court affirmed his conviction and sentence for failure to comply with the sex-offender registry, as a habitual offender. *See generally State v. Bell*, No. 16-1681, 2017 WL 2684356 (Iowa Ct. App. June 21, 2017).

In the underlying criminal case, a memorandum of plea agreement was signed by the parties and filed with the clerk of court. A plea hearing was set for ten days later. Just prior to the plea hearing, Bell's counsel talked with an assistant county attorney, who agreed that at the conclusion of the plea hearing, when Bell would ask to be released from jail pending sentencing, the State would be silent— neither resisting nor consenting. During the plea hearing, the court recited the terms of the memorandum of plea agreement on file and accepted the guilty plea. Neither the State, Bell, nor his counsel mentioned release conditions as an oral amendment to the agreement. At the conclusion of the plea hearing, Bell's counsel requested he be released from jail pending the sentencing hearing. The State, represented by a different assistant county attorney than the one who had agreed to remain silent, resisted the request for release. Neither Bell nor his counsel objected to the State's resistance. The court denied a change in bail conditions. Five days later, Bell posted bond and was released from jail. At about the same time, he filed a motion in arrest of judgment seeking to withdraw his guilty plea, alleging the State breached the plea agreement.

After our ruling in his direct appeal, Bell filed his application for postconviction relief. After a hearing, the district court denied his application. Bell appeals. He raises one issue on appeal: he argues his trial counsel was ineffective

in allowing him to plead guilty despite the State's contradiction of the release-recommendation terms of the plea agreement.[1]  Our review is de novo.  *Diaz v. State*, 896 N.W.2d 723, 727 (Iowa 2017).  "Ineffective-assistance-of-counsel claims require a showing by a preponderance of the evidence both that counsel failed an essential duty and that the failure resulted in prejudice."  *Id.* (quoting *State v. Schlitter*, 881 N.W.2d 380, 388 (Iowa 2016)).

Because the district court's ruling identified and fully considered the breach-of-duty prong of Bell's claim and we approve of the findings and ruling on this issue, we affirm the denial of his application on that ground pursuant to Iowa Court Rule 21.26(1)(d).  *See State v. Delacy*, 907 N.W.2d 154, 159 (Iowa Ct. App. 2017) ("[F]ailure to prove either element is fatal to the claim.").

In the alternative, however, we choose to address the prejudice prong of Bell's claim.  The district court resolved the ineffective-assistance-of-counsel issue by concluding counsel did not fail to perform an essential duty.  It made factual findings relating to lack of prejudice but did not alternatively address the prejudice prong in its conclusions.  Even assuming counsel breached a duty, Bell has not established that he was prejudiced.  He claims he would not have pled guilty when he did if the State had not agreed to his release pending sentencing.  Thus, when the State allegedly breached its agreement, his counsel should not have allowed him to plead guilty.  His claims ring hollow.  He bonded out of jail five days later.  If

---

[1] Bell raised this argument on the merits in his direct appeal.  We declined to consider it as a result of Bell's failure to preserve error.  *See Bell*, 2017 WL 2684356, at *2.  He now raises the claim under an ineffective-assistance-of-counsel rubric, claims of which are excepted from the traditional error-preservation requirements.  *See State v. Fountain*, 786 N.W.2d 260, 262–63 (Iowa 2010).

he had not pled guilty, he would have remained in jail until he bonded out—i.e., he would not have been released earlier. A review of the minutes of evidence shows no question that he was guilty of all offenses of which he had been charged.[2] The felony charge in this case was for failing to register as a sex offender, an offense easily provable by the State and for which Bell had no defense. He has not claimed actual innocence or any likelihood that he would not have been found guilty as charged. The only legal authorities Bell cites are cases in which the State has failed at the sentencing hearing to comply with the plea agreement. None of those cases are persuasive on the issue before us. Bell has failed to prove any prejudice as a result of any alleged breach of duty by counsel.

**AFFIRMED.**

---

[2] He was also charged with six misdemeanor indecent-exposure offenses. The plea agreement included the State dismissing five of those charges which would have most likely resulted in convictions.