# IN THE COURT OF APPEALS OF IOWA

No. 18-0838
Filed January 23, 2019

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**RICKY ANDRE CARTER,**
      Defendant-Appellant.

_____

Appeal from the Iowa District Court for Dubuque County, Michael J. Shubatt (plea) and Monica Zrinyi Wittig (sentencing), Judges.

Ricky Carter appeals his convictions, following guilty pleas, of a number of controlled-substance violations and the sentences imposed. **AFFIRMED.**

Sharon D. Hallstoos of Hallstoos Law Office, LLC, Dubuque, for appellant.

Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Mullins and Bower, JJ.

**MULLINS, Judge.**

Ricky Carter was charged by trial information with the following criminal counts of delivery of the following controlled substances within 1000 feet of certain real property: (1) cocaine base, (2) cocaine, (3) heroin, (4) cocaine base, and (5) heroin.[1] All five counts amount to class "C" felonies. *See* Iowa Code § 124.401(1)(c)(1), (2)(b), (3) (2014). The crimes are punishable by, among other things, imprisonment of up to ten years and a fine between $1000 and $10,000. *Id.* § 902.9(1)(d). A person convicted of distributing these controlled substances within 1000 feet of certain real property "may be sentenced up to an additional term of confinement for five years." *See id.* § 124.401A; *see also id.* §§ 124.204(3)(j) (listing heroin as a schedule I controlled substance), 124.206(2)(d) (listing cocaine as a schedule II controlled substance).

A plea agreement was ultimately reached under which Carter would plead guilty to counts one through four as charged and be sentenced to concurrent fifteen-year terms of incarceration, and he would plead guilty to count five without the certain-real-property enhancement and be sentenced to a ten-year term of incarceration to be served consecutively with counts one through four. At the commencement of the plea hearing, the court correctly advised each of the charges amounted to a class "C" felony individually carrying a potential punishment of up to fifteen years in prison and fines between $1000 and $10,000 per count. When the court asked if its recitation of the plea agreement was accurate, defense

---

[1] The criminal act underlying count one was alleged to have occurred on December 3, 2014; the acts underlying counts two and three on December 4; and the acts underlying counts four and five on December 5.

counsel responded in the affirmative, but the State responded "I don't believe so, you Honor," and incorrectly noted its belief that counts three and five amounted to class "D" felonies and were punishable by terms of incarceration in the amount of ten years, as enhanced. In response to the State's position that counts three and five amounted to class "D" felonies, the court stated, "Okay, so I'm just going to amend my colloquy to say that III and V are $750 fines minimum to $7500 as opposed to one thousand and ten thousand." Upon the court's inquiry, Carter acknowledged his understanding of the same. He then tendered his guilty pleas, and the court accepted them. During the plea colloquy, the court did not advise Carter of the statutory surcharges mandated by Iowa Code sections 911.1, .2, and .3, or the mandatory revocation of his driver's license pursuant to Iowa Code section 901.5(10)(a)(1).

On appeal, Carter maintains his pleas were not tendered voluntarily and intelligently and his counsel rendered ineffective assistance in allowing him to plead guilty and failing to challenge the pleas on voluntary-and-intelligent grounds by way of motion in arrest of judgment. He specifically claims his pleas to counts three and five were not voluntary and intelligent because the court incorrectly advised him those counts amounted to class "D" felonies and were therefore subject to class "D" penalties. He also complains the court improperly failed to advise him of the mandatory statutory surcharges and revocation of his driver's license as to all of his pleas.

Because Carter did not file a motion in arrest of judgment, he has failed to preserve error and may only challenge his plea through a claim of ineffective assistance of counsel, which is an exception to the traditional error-preservation

rules. *See* Iowa R. Crim. P. 2.24(3)(a); *State v. Weitzel*, 905 N.W.2d 397, 401 (Iowa 2017). We review ineffective-assistance claims de novo. *See State v. Harris*, 919 N.W.2d 753, 754 (Iowa 2018). In order to prevail on his ineffective-assistance-of-counsel claim, Carter must show by a preponderance of the evidence that (1) counsel failed to perform an essential duty and (2) prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Harrison*, 914 N.W.2d 178, 188 (Iowa 2018).

"Generally, a criminal defendant waives all defenses and objections to the criminal proceedings by pleading guilty, including claims of ineffective assistance of counsel," but an exception to this rule exists when there are pre-plea "irregularities intrinsic to the plea—irregularities that bear on the knowing and voluntary nature of the plea." *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011). Pursuant to Iowa Rule of Criminal Procedure 2.8(2)(b), the court may not accept a guilty plea unless it is made voluntarily and intelligently. The rule additionally provides:

> Before accepting a plea of guilty, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands . . . [t]he mandatory minimum punishment, if any, and the maximum possible punishment provided by the statute defining the offense to which the plea is offered.

Iowa R. Crim. P. 2.8(2)(b)(2).

The State concedes "counsel may have had a duty to object to the district court's failure to comply with Iowa Rule Criminal Procedure 2.8(2)(b)" as to the driver's license revocation and statutory surcharges. We agree that counsel had a duty to object to the court's failure to advise Carter of these matters before he

entered his pleas; counsel's failure rendered each of the pleas involuntary; and, after the failure, counsel had a duty to challenge all the pleas on voluntariness grounds by way of motion in arrest of judgment. *See Weitzel*, 905 N.W.2d at 408 (noting "the maximum possible punishment includes the surcharges" and the court must inform the defendant of the surcharges and ensure the defendant understands them); *State v. Fisher*, 877 N.W.2d 676, 684 (Iowa 2016) ("Because revocation of the driver's license of a person convicted of a drug possession offense is mandatory, immediate, and part of the punishment for that offense, the court must inform the defendant of this consequence before accepting his or her plea. Here Fisher's written plea did not advise him that a guilty plea would result in the suspension of his license. We therefore find that the plea was involuntary . . . ."); *see also Castro*, 795 N.W.2d at 792–93 (discussing pre-plea irregularities bearing on the knowing-and-voluntary nature of a guilty plea). Because this pre-plea irregularity rendered all of Carter's pleas involuntary, we need not address counsel's performance as to the State and court's misstatements concerning the level of the crime and penalties.

We turn to prejudice. When challenging a guilty plea through a claim "of ineffective assistance of counsel, the defendant satisfies the prejudice prong if he or she can show 'there is a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty and would have insisted on going to trial.'" *Weitzel*, 905 N.W.2d at 402 (quoting *State v. Straw*, 709 N.W.2d 128, 138 (Iowa 2006)). We find the record inadequate to decide whether Carter was prejudiced by either failure and repeat our position that the "circumstances underlying . . . the defendant's willingness to go to trial are facts that should be permitted to be more

fully developed" in a postconviction-relief proceeding. *State v. Delacy*, 907 N.W.2d 154, 160 (Iowa Ct. App. 2017) (en banc), *further review denied* (Jan. 16, 2018).[2] Consequently, we preserve Carter's ineffective-assistance claim for possible postconviction-relief proceedings.[3]

Next, Carter challenges his sentence as illegal. He appears to argue that because he was advised at the plea hearing that two of the charges amounted to class "D" felonies, it was illegal for the court to impose sentence on those charges as class "C" felonies. Regardless of what happened at the plea hearing, the crimes Carter was sentenced for were class "C" felonies. It was not illegal for the court to

---

[2] *See also State v. McFarland*, No. 17-0871, 2018 WL 2084835, at *2 (Iowa Ct. App. May 2, 2018), *further review denied* (Sept. 13, 2018); *State v. Dight*, No. 17-1267, 2018 WL 1442723, at *1 (Iowa Ct. App. Mar. 21, 2018), *further review denied* (Aug. 31, 2018); *Giambo v. State*, No. 16-2032, 2017 WL 6516785, at *2 (Iowa Ct. App. Dec. 20, 2017); *State v. Hurst*, No 17-0421, 2017 WL 4324868, at *4 (Iowa Ct. App. Sept. 27, 2017), *further review denied* (Jan. 16, 2018); *State v. Gaston*, No. 16-1957, 2017 WL 4317310, at *2 (Iowa Ct. App. Sept. 27, 2017), *further review denied* (Nov. 22, 2017); *State v. Pozeck*, No.16-1869, 2017 WL 4315057, at *2 (Iowa Ct. App. Sept. 27, 2017); *State v. Kiger*, No. 17-0261, 2017 WL 4050318, at *1 (Iowa Ct. App. Sept. 13, 2017); *State v. Thornburg*, No. 16-2019, 2017 WL 4049526, at *4 (Iowa Ct. App. Sept. 13, 2017), *further review denied* (Dec. 8, 2017); *State v. Iddings*, No. 15-1597, 2017 WL 2464049, at *5 (Iowa Ct. App. June 7, 2017); *State v. Bascom*, No. 15-2173, 2017 WL 1733115, at *1 (Iowa Ct. App. May 3, 2017), *further review denied* (Jan. 16, 2018).

[3] On appeal, Carter maintains that because his pleas were involuntary, they must be set aside and his convictions and sentences should be vacated. We assume he relies on *Weitzel* and *Fisher* for this proposition. In both of those cases, however, due to the district court's failure to properly inform the defendants of the necessity to file a motion in arrest of judgment to challenge their guilty pleas, the defendants were able to challenge their pleas on direct appeal on the merits. *See Weitzel*, 905 N.W.2d at 401–02; *Fisher*, 877 N.W.2d at 680–82.

Here, in contrast, Carter was adequately advised of his obligation to file a motion in arrest of judgment. He did not do so and, as noted, has not preserved error on any claim against his plea on the merits. *Weitzel* and *Fisher* are inapplicable on the issue of disposition. Carter's only avenue for relief is through a claim of ineffective of counsel, which we have found the record inadequate to address on direct appeal.

impose sentence on those charges as such.  We reject Carter's claim that the court imposed an illegal sentence.[4]

We affirm Carter's conviction and sentence but preserve his claim of ineffective assistance of counsel for possible postconviction-relief proceedings.

**AFFIRMED.**

---

[4] We acknowledge the court's sentencing order, which was entered on April 4, 2018, imposed a mandatory minimum term of incarceration pursuant to Iowa Code section 124.413, and that the legislature removed the crimes Carter was sentenced for from the ambit of that provision, effective July 1, 2017.  *See* 2017 Iowa Acts ch. 122, § 11.  Carter does not raise this as an issue in this appeal.  Further, our record includes a State motion to correct an illegal sentence on this ground.