# IN THE COURT OF APPEALS OF IOWA

No. 18-1479
Filed May 1, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CODY AARON DENEVE,**
        Defendant-Appellant.

_____

Appeal from the Iowa District Court for Scott County, Tom Reidel, Judge.

Cody Deneve appeals his guilty plea to possession of heroin with intent to deliver as a habitual offender. **AFFIRMED.**

Sharon D. Hallstoos of Hallstoos Law Office, LLC, Dubuque, for appellant.

Thomas J. Miller, Attorney General, and Israel Kodiaga, Assistant Attorney General, for appellee.

Considered by Vogel, C.J., and Mullins and Bower, JJ.

**MULLINS, Judge.**

Cody Deneve was charged by trial information with four criminal counts. A plea agreement was ultimately reached under which Deneve would plead guilty to the crimes of possession of heroin with intent to deliver as a habitual offender and possession of marijuana, third or subsequent offense, in return for the State's dismissal of the remaining charges and related simple misdemeanors.

In advising Deneve of the potential penalties for the heroin charge at the plea hearing, the court stated, "There is no fine." As such, the court also did not advise Deneve of the criminal penalty surcharge mandated by Iowa Code section 911.1 (2017). Deneve ultimately tendered his pleas and the court accepted them, after which the court sufficiently advised Deneve of his obligation to file a motion in arrest of judgment to challenge his pleas for any reason. No motion in arrest of judgment was filed, and Deneve appealed following the imposition of sentence.

On appeal, Deneve only challenges his guilty plea to possession of heroin with intent to deliver. He implies his plea was not voluntarily and intelligently made because the district court failed to advise him of the minimum and maximum fine and the mandatory criminal penalty surcharge. Because Deneve was sufficiently advised of his obligation to file a motion in arrest of judgment to challenge his plea but did not do so, he has failed to preserve error and may only challenge his plea through a claim of ineffective assistance of counsel, claims of which are immune from error-preservation defects. *See* Iowa R. Crim. P. 2.24(3)(a); *State v. Weitzel*, 905 N.W.2d 397, 401 (Iowa 2017). Here, Deneve vaguely argues his counsel rendered ineffective assistance in failing to ensure Deneve entered his plea voluntarily and intelligently. The State requests that we deem Deneve's argument

waived for failure to cite authority or mount a specific argument. *See* Iowa R. App. P. 6.903(2)(g)(3). We are not at liberty to do so. *See State v. Harris*, 919 N.W.2d 753, 754 (Iowa 2018); *State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010).

We review ineffective-assistance-of-counsel claims de novo. *State v. Albright*, ___ N.W.2d ___, ___, 2019 WL 1302384, at *4 (Iowa 2019). In order to prevail on his ineffective-assistance-of-counsel claim, Deneve must show by a preponderance of the evidence that (1) counsel failed to perform an essential duty and (2) prejudice resulted. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Harrison*, 914 N.W.2d 178, 188 (Iowa 2018). Failure to establish either element precludes relief. *State v. McNeal*, 897 N.W.2d 697, 703 (Iowa 2017).

"Generally, a criminal defendant waives all defenses and objections to the criminal proceedings by pleading guilty, including claims of ineffective assistance of counsel," but an exception to this rule exists when there are pre-plea "irregularities intrinsic to the plea—irregularities that bear on the knowing and voluntary nature of the plea." *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011). Pursuant to Iowa Rule of Criminal Procedure 2.8(2)(b), the court may not accept a guilty plea unless it is made voluntarily and intelligently. The rule additionally provides:

> Before accepting a plea of guilty, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands . . . [t]he mandatory minimum punishment, if any, and the maximum possible punishment provided by the statute defining the offense to which the plea is offered.

Iowa R. Crim. P. 2.8(2)(b)(2).

We agree the court's failure to advise Deneve of the fine and surcharge rendered the plea involuntary and that counsel had a duty to object. *See Weitzel*, 905 N.W.2d at 408 (noting "the maximum possible punishment includes the surcharges" and the court must inform the defendant of the surcharges and ensure the defendant understands them); *State v. Fisher*, 877 N.W.2d 676, 685 (Iowa 2016) (noting rule 2.8(2)(b)(2) requires the court do advise a defendant of "direct consequences of the plea"); *State v. Brady*, 442 N.W.2d 57, 59 (Iowa 1989) (stating a fine is a direct consequence of a guilty plea); *see also Castro*, 795 N.W.2d at 792–93 (discussing pre-plea irregularities bearing on the knowing-and-voluntary nature of a guilty plea).

We turn to prejudice. As the State points out, Deneve mounts no argument concerning the prejudice prong of his ineffective-assistance claim. In any event, when challenging a guilty plea through a claim "of ineffective assistance of counsel, the defendant satisfies the prejudice prong if he or she can show 'there is a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty and would have insisted on going to trial.'" *Weitzel*, 905 N.W.2d at 402 (quoting *State v. Straw*, 709 N.W.2d 128, 138 (Iowa 2006)). We find the record inadequate to decide whether Deneve was prejudiced by counsel's failure and repeat our position that the "circumstances underlying . . . the defendant's willingness to go to trial are facts that should be permitted to be more fully developed" in a postconviction-relief proceeding. *State v. Delacy*, 907 N.W.2d 154, 160 (Iowa Ct. App. 2017) (en banc), *further review denied* (Jan. 16, 2018).[1]

---

[1] *See also State v. McFarland*, No. 17-0871, 2018 WL 2084835, at *2 (Iowa Ct. App. May 2, 2018), *further review denied* (Sept. 13, 2018); *State v. Dight*, No. 17-1267, 2018 WL

Consequently, we affirm Deneve's conviction, but preserve his ineffective-assistance claim for postconviction-relief proceedings.[2]

**AFFIRMED.**

---

1442723, at *1 (Iowa Ct. App. Mar. 21, 2018), *further review denied* (Aug. 31, 2018); *Giambo v. State*, No. 16-2032, 2017 WL 6516785, at *2 (Iowa Ct. App. Dec. 20, 2017); *State v. Hurst*, No 17-0421, 2017 WL 4324868, at *4 (Iowa Ct. App. Sept. 27, 2017), *further review denied* (Jan. 16, 2018); *State v. Gaston*, No. 16-1957, 2017 WL 4317310, at *2 (Iowa Ct. App. Sept. 27, 2017), *further review denied* (Nov. 22, 2017); *State v. Pozeck*, No.16-1869, 2017 WL 4315057, at *2 (Iowa Ct. App. Sept. 27, 2017); *State v. Kiger*, No. 17-0261, 2017 WL 4050318, at *1 (Iowa Ct. App. Sept. 13, 2017); *State v. Thornburg*, No. 16-2019, 2017 WL 4049526, at *4 (Iowa Ct. App. Sept. 13, 2017), *further review denied* (Dec. 8, 2017); *State v. Iddings*, No. 15-1597, 2017 WL 2464049, at *5 (Iowa Ct. App. June 7, 2017); *State v. Bascom*, No. 15-2173, 2017 WL 1733115, at *1 (Iowa Ct. App. May 3, 2017), *further review denied* (Jan. 16, 2018).

[2] Deneve requests that our disposition be vacation of his plea, presumably on involuntariness grounds. Although he cites no authority in support of the request, we assume he relies on *Weitzel* and *Fisher* for this proposition. In both of those cases, however, due to the district court's failure to properly inform the defendants of the necessity to file a motion in arrest of judgment to challenge their guilty pleas, the defendants were able to challenge their pleas on direct appeal on the merits. *See Weitzel*, 905 N.W.2d at 401–02; *Fisher*, 877 N.W.2d at 680–82.

Here, in contrast, Deneve was adequately advised of his obligation to file a motion in arrest of judgment. He did not do so, and, as noted, has not preserved error on any claim against his plea on the merits. *Weitzel* and *Fisher* are inapplicable on the issue of disposition. Deneve's only avenue for relief is through a claim of ineffective of counsel, which we have found the record inadequate to address on direct appeal.