# IN THE COURT OF APPEALS OF IOWA

No. 18-1849
Filed June 5, 2019

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**JASON DONALD HILBERT,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Cynthia M. Moisan, District Associate Judge.

Jason Donald Hilbert appeals his sentence after pleading guilty to theft in the fourth degree. **AFFIRMED.**

Kevin Hobbs, West Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.

Considered by Vogel, C.J., and Mullins and Bower, JJ.

**VOGEL, Chief Judge.**

In April 2018, Jason Donald Hilbert was charged with third-degree theft after taking approximately $600 from his employer. He pled guilty to a lesser-included offense, fourth-degree theft, and was sentenced to a one-year term of incarceration, to run consecutively with his "parole matter." On appeal, he raises two ineffective-assistance-of-counsel claims.

Hilbert first discusses potential due process issues involving his guilty plea and sentencing. He admits he failed to file a motion in arrest of judgment within the specified time period and thus, may only challenge his guilty plea as an ineffective-assistance claim. *See* Iowa R. Crim. P. 2.24(3)(a) ("A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal.").

Normally, we review challenges to guilty pleas for correction of errors at law. *State v. Fisher*, 877 N.W.2d 676, 680 (Iowa 2016). However, when such challenge is raised as an ineffective-assistance claim, our review is de novo. *State v. Delacy*, 907 N.W.2d 154, 157 (Iowa Ct. App. 2017). To prevail on an ineffective-assistance claim, the applicant must show counsel failed to perform an essential duty and such failure resulted in prejudice. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006) (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)).

> In order to establish the first prong of an ineffective-assistance claim, the defendant must show that trial counsel's performance was outside the range of normal competency. This task is not an easy one as "there is a strong presumption trial counsel's conduct fell within the wide range of reasonable professional assistance."

*State v. Graves*, 668 N.W.2d 860, 881 (Iowa 2003) (quoting *DeVoss v. State*, 648 N.W.2d 56, 64 (Iowa 2002)); *see also State v. Oetken*, 613 N.W.2d 679, 683 (Iowa 2000) ("To rebut this presumption defendant must present an affirmative factual basis establishing inadequate representation."). The defendant must also establish he or she was prejudiced by counsel's inadequate representation and demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Ledezma v. State*, 626 N.W.2d 134, 145 (Iowa 2001) (quoting *Strickand*, 466 U.S. at 694). While Hilbert discusses potential issues involving his guilty plea and sentence, he fails to articulate how his counsel's performance was inadequate and fails to establish prejudice. Because no cognizable claim has been raised, we find Hilbert has failed to prove any due process violations that would support his first ineffective-assistance claim.

Next, Hilbert asserts counsel was ineffective by improperly advising him that he could serve his sentence in prison rather than county jail. "If an ineffective-assistance-of-counsel claim is raised on direct appeal from the criminal proceedings, we may decide the record is adequate to decide the claim or may choose to preserve the claim for postconviction proceedings." *Straw*, 709 N.W.2d at 133 (citing Iowa Code § 814.7(3) (2005)). Hilbert concedes this claim should be preserved because the record is not developed. The State agrees. Therefore, we preserve this claim for possible postconviction relief, "where a full evidentiary hearing may be had and where counsel will have an opportunity to respond to defendant's charges." *State v. Coil*, 264 N.W.2d 293, 296 (Iowa 1978); *see also State v. Truesdell*, 679 N.W.2d 611, 616 (Iowa 2004) ("Ordinarily, ineffective

assistance of counsel claims are best resolved by postconviction proceedings to enable a complete record to be developed and afford trial counsel an opportunity to respond to the claim.").

**AFFIRMED.**