# IN THE COURT OF APPEALS OF IOWA

No. 19-0550
Filed February 5, 2020

**STATE OF IOWA,**
　　　Plaintiff-Appellee,

**vs.**

**FREDDIE HELAI,**
　　　Defendant-Appellant.

_____

Appeal from the Iowa District Court for Black Hawk County, George L. Stigler, Judge.

Freddie Helai appeals his conviction of lascivious acts with a child and the sentence imposed. **CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED FOR RESENTENCING.**

John J. Wolfe of Wolfe Law Office, Clinton, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Mullins and Ahlers, JJ.

**MULLINS, Judge.**

Freddie Helai appeals his conviction, following a guilty plea, of lascivious acts with a child and the sentence imposed. He argues his plea was entered unknowingly and involuntarily because he was misadvised of the potential immigration consequences[1] of his plea and his counsel rendered ineffective assistance in failing to ensure he was accurately advised and by failing to file a motion in arrest of judgment to challenge his plea based on the alleged deficiencies.[2] He also argues the court relied on improper considerations in imposing sentence.

As Helai acknowledges, by failing to file a motion in arrest of judgment to challenge the plea, he did not preserve error on his challenge. *See* Iowa R. App. P. 2.24(3)(a) ("A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal."). However, Helai also claims his attorney was ineffective in allowing the alleged plea-related errors and for failing to file a motion in arrest of judgment to challenge the plea. "[I]f the guilty plea resulted from ineffective assistance of counsel, the defendant can challenge the plea under the

---

[1] While the court advised Helai at the plea hearing he would not suffer immigration consequences because he was from an "American protectorate," upon the record made in the district court, it is unclear whether Helai is a United States citizen.

[2] As the State points out, recent legislation, effective July 1, 2019, limits our ability to consider appeals of convictions when a defendant has pled guilty and forecloses our ability to consider ineffective-assistance-of-counsel claims on direct appeal. *See* 2019 Iowa Acts ch. 140, §§ 28(a)(3), 31 (codified at Iowa Code §§ 814.6(1)(a)(3), .7 (2019)). However, the State filed its brief before our supreme court decided whether the legislation is retroactive. The court recently ruled the new provisions do "not apply to a direct appeal from a judgment and sentence entered before July 1, 2019." *State v. Macke*, 933 N.W.2d 226, 228 (Iowa 2019).

rubric of ineffective assistance of counsel." *State v. Weitzel*, 905 N.W.2d 397, 401 (Iowa 2017); *accord State v. Fountain*, 786 N.W.2d 260, 263 (Iowa 2010) ("Ineffective-assistance-of-counsel claims are an exception to the traditional error-preservation rules."). We review claims of ineffective assistance of counsel de novo and will only exercise appellate review if the record is adequate to determine the claim. *State v. Kuhse*, ___ N.W.2d ___, ___, 2020 WL 250542, at *4 (Iowa 2020).

To succeed on his ineffective-assistance-of-counsel claim, Helai must establish "(1) that counsel failed to perform an essential duty and (2) that prejudice resulted." *Id.*; *accord Strickland v. Washington*, 466 U.S. 668, 687 (1984). We "may consider either the prejudice prong or breach of duty first, and failure to find either one will preclude relief." *State v. McNeal*, 897 N.W.2d 697, 703 (Iowa 2017) (quoting *State v. Lopez*, 872 N.W.2d 159, 169 (Iowa 2015)). When challenging a guilty plea through a claim of ineffective assistance of counsel, "in order to satisfy the prejudice requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty and would have insisted on going to trial." *State v. Straw*, 709 N.W.2d 128, 138 (Iowa 2006).

"Before accepting a plea of guilty, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands," among other things, "[t]hat a criminal conviction . . . may affect a defendant's status under federal immigration laws." Iowa R. Crim. P. 2.8(2)(b)(3). If Helai is a United States citizen, then we conclude Helai's counsel was under no duty to ensure he was advised of the immigration consequences of

his plea or challenge the plea on that basis because the consequences would not apply to him. Next, we find the record inadequate to even determine whether Helai is a United States citizen and the consequences apply to him. As such, we are unable to assess counsel's effectiveness. Even if the record affirmatively showed Helai is not a United States citizen, then we would find the record inadequate to decide whether Helai was prejudiced by the alleged breach of duty and would repeat our position that the "circumstances underlying . . . the defendant's willingness to go to trial are facts that should be permitted to be more fully developed" in a postconviction-relief proceeding. *State v. Delacy*, 907 N.W.2d 154, 160 (Iowa Ct. App. 2017) (en banc); *see also State v. Deneve*, No. 18-1479, 2019 WL 1932585, at *2 (Iowa Ct. App. May 1, 2019); *State v. Carter*, No. 18-0838, 2019 WL 325812, at *2 (Iowa Ct. App. Jan. 23, 2019); *State v. Gaston*, No. 16-1957, 2017 WL 4317310, at *2 (Iowa Ct. App. Sept. 27, 2017); *State v. Iddings*, No. 15-1597, 2017 WL 246049, at *5 (Iowa Ct. App. June 7, 2017); *State v. Bascom*, No. 15-2173, 2017 WL 1733115, at *1 (Iowa Ct. App. May 3, 2017); *State v. Taylor*, No. 16-0762, 2017 WL 1735682, at *1–2 (Iowa Ct. App. May 3, 2017). Thus, we preserve the ineffective-assistance claim, and Helai may pursue it in a postconviction-relief proceeding, if he so chooses.[3]

---

[3] Citing *State v. Kress*, 636 N.W.2d 12 (Iowa 2001), Helai argues, under the scenario he is not a United States citizen, because the court did not advise him of the immigration consequences of his plea, the appropriate remedy is to set aside his conviction and sentence and allow him to plead anew. That would be true if he challenged his plea by way of motion in arrest of judgment or the court failed to adequately advise him of his obligation to file such a motion to challenge his plea. However, because neither occurred here, his only avenue for relief is through a claim of ineffective assistance of counsel. Because we find the record inadequate to determine the claim, he must pursue it in a postconviction-relief proceeding.

Next, Helai argues the court considered unproven and irrelevant information contained in the minutes of evidence in imposing sentence, namely that the court considered the facts that the victim had been sexually abused by others previously and the victim's mother knew of the abuse by Helai and took no action. The State concedes error, and we agree. We therefore vacate the sentence imposed and remand the matter to the district court for resentencing.

**CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED FOR RESENTENCING.**