# IN THE COURT OF APPEALS OF IOWA

No. 17-1998
Filed February 6, 2019

**JOSHUA JAMES MULLEN,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.

_____

Appeal from the Iowa District Court for Cass County, James S. Heckerman,

Judge.

Joshua Mullen appeals the denial of his application for postconviction relief.

**AFFIRMED.**

Drew H. Kouris, Council Bluffs, for appellant.

Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant

Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**MULLINS, Judge.**

Joshua Mullen appeals the denial of his application for postconviction relief (PCR). He contends the district court erred in denying him relief on his claims his trial counsel rendered ineffective assistance in (1) failing to withdraw due to a conflict of interest and (2) allowing him to plead guilty.

## I. Background Facts and Proceedings

The minutes of evidence reflect that on August 27, 2013, law enforcement, pursuant to information received from confidential informants, executed a search warrant on Mullen's residence, which is situated within 1000 feet of a public park, and located "a psilocybin mushroom grow," methamphetamine, and "33 containers . . . that appeared to contain psilocybin mushroom." As to the mushroom-grow operation, officers found a "large plastic tub that had actual mushrooms growing," a "plate of harvested mushrooms," and "numerous items . . . commonly used in a psilocybin mushroom grow." Firearms were also found in the residence. Mullen was a convicted felon.

On October 3, Mullen was charged by trial information with manufacturing a controlled substance within 1000 feet of certain real property as a second or subsequent offender,[1] possession of methamphetamine as a third or subsequent

---

[1] This amounts to a class "C" felony punishable by, among other things, ten years in prison with an additional five years for the certain-real-property enhancement, all of which may be tripled as a second or subsequent offense. *See* Iowa Code §§ 124.401(1)(c)(8), .401A, .411, 902.9(4) (2013).

offense,[2] and thirty-three counts of failure to affix a drug-tax stamp.[3]  The minutes of evidence were filed contemporaneously with the trial information.

In June 2014, additional minutes of evidence were filed concerning the State crime lab's analysis of the items found in Mullen's home.  The lab report notes three items were submitted for analysis: (1) mushrooms contained in jars inside of a tub, (2) other mushrooms described as purported psilocybin mushrooms, and (3) "residue."  Analysis of these items revealed "no controlled substance found" as to item one, item two was 6.63 grams of "psilocyn," and item three was methamphetamine.

At a hearing on July 21, the parties advised the court a plea agreement had been reached under which Mullen would plead guilty to the manufacturing charge in return for the State's amendment of that charge to exclude the certain-real-property enhancement; the dismissal of all remaining charges; and the State's recommendation for a suspended sentence, probation, and placement at a residential correctional facility.  Defense counsel and Mullen stated their agreement to the terms.  Upon inquiry from the court, Mullen acknowledged he reviewed the trial information and minutes of evidence and understood them, the information they contained was accurate, and no threats or promises were made to him in return for his guilty plea, aside from the plea agreement.  Following a plea colloquy, Mullen pled guilty, and the court accepted the plea.  Mullen requested immediate sentencing.  After advising Mullen of his rights to be sentenced at a

---

[2] This amounts to a class "D" felony punishable by, among other things, up to five years in prison.  *See* Iowa Code §§ 124.401(5), 902.9(5).

[3] Each charge amounts to a class "D" felony punishable by up to five years in prison.  *See* Iowa Code §§ 453B.12, 902.9(5).

later date and the preparation of a presentence-investigation report, his obligation to file a motion in arrest of judgment to challenge the adequacy of his plea for any reason, and the impossibility to do so if he requested immediate sentencing, the court sentenced Mullen in accordance with the plea agreement. Mullen's probation was subsequently revoked, and he was sent to prison. In May 2016, Mullen filed a PCR application raising various claims. Following a trial, the court denied the application. As noted, Mullen appeals.

## II. Standard of Review

Appellate review of PCR proceedings is typically for correction of errors at law, but where claims of ineffective assistance of counsel are forwarded, our review is de novo. *See Diaz v. State*, 896 N.W.2d 723, 727 (Iowa 2017). Because Mullen's claims concern the effectiveness of trial counsel, he must prove by a preponderance of the evidence that (1) his counsel failed to perform an essential duty and (2) prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Lopez*, 907 N.W.2d 112, 116 (Iowa 2018). We "may consider either the prejudice prong or breach of duty first, and failure to find either one will preclude relief." *State v. McNeal*, 897 N.W.2d 697, 703 (Iowa 2017) (quoting *State v. Lopez*, 872 N.W.2d 159, 169 (Iowa 2015)).

## III. Analysis

### A. Conflict of Interest

We agree with the State that Mullen has failed to preserve error on his claim that trial counsel rendered ineffective assistance in failing to withdraw due to a conflict of interest. First, Mullen's PCR application made no mention of the claim. Second, although at the beginning of the PCR trial, counsel mentioned the

ineffectiveness of trial counsel due to a conflict of interest was being raised, the court did not rule on the claim. In support of his position that error was preserved on this issue, Mullen concedes, "This matter was . . . not addressed by the District Court in its ruling." Further, Mullen did not file a motion to reconsider, enlarge, or amend pursuant to Iowa Rule of Civil Procedure 1.904(2) to request a ruling on the issue, or any other issue for that matter. Mullen does contest the State's error-preservation challenge in his reply brief, generally arguing error was preserved because the term "conflict of interest" was "mentioned often during the course of the litigation." We disagree that this was sufficient to preserve error. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal. . . . When a district court fails to rule on an issue properly raised by a party, the party who raised the issue must file a motion requesting a ruling in order to preserve error for appeal.").

Although Mullen makes no specific claim PCR counsel was ineffective in failing to preserve error, *see State v. Harris*, 919 N.W.2d 753, 754 (Iowa 2018) ("When counsel fails to preserve error at trial, a defendant can have the matter reviewed as an ineffective-assistance-of-counsel claim."), he does passively reference "structural error" and circumstances in which our supreme court has recognized it occurs. However, he provides us with no substantive argument on the issue of structural error. Under such a circumstance, we have been directed to not consider the claim, but also to not outright reject it. *See id.* ("If the development of the ineffective-assistance claim in the appellate brief was insufficient to allow its consideration, the court of appeals should not consider the

claim, but it should not outright reject it."); *see also Lado v. State*, 804 N.W.2d 248, 251–53 (Iowa 2011) (considering structural error as a variety of ineffective assistance of counsel).  Consequently, we do not consider the claim.  Mullen may challenge the effectiveness of PCR counsel if he files another PCR application promptly after the issuance of procedendo.  *See State v. Allison*, 914 N.W.2d 866, 891 (Iowa 2018).

B.      Validity of the Plea

Mullen's argument that his plea is invalid is somewhat unclear.  His argument seems to be that his plea counsel was under the mistaken belief that the tax-stamp charges were supported by a factual basis and, therefore, counsel's pre-plea advice to Mullen concerning whether or not to plead guilty rendered his plea involuntary.

We agree the additional minutes of evidence, which noted only 6.63 grams of "psilocyn" was found among all the mushrooms, negated the existence of the elementary facts necessary to support a conviction for failure to affix a drug-tax stamp, not to mention thirty-three separate counts, as such a charge requires possession of seven or more grams of said controlled substance.[4]  However, in his deposition, plea counsel generally indicated he was fully aware there was insufficient evidence on the tax-stamp charges and, had the matter proceeded to

---

[4] *See* Iowa Code §§ 124.101(5) (defining controlled substance as those items identified under schedules I through V), 124.204(4)(s)–(t) (listing psilocybin and psilocyn as schedule I controlled substances), 453B.1(1), (10) (defining "controlled substance" for purposes of chapter 453B to mean as defined in section 124.101, and defining "taxable substance" to include a controlled substance), 453B.1(3)(a)(1) (defining a "dealer" as a person with "[s]*even or more grams* of a taxable substance other than marijuana" (emphasis added)), 453B.12 ("[A] *dealer* . . . possessing taxable substances without affixing the appropriate stamps, labels, or other official indicia is guilty of a class "D" felony." (emphasis added)).

trial, those charges would have been disposed of pretrial. Plea counsel additionally indicated he discussed the lack of evidence concerning the tax-stamp charges with Mullen before he pled guilty to the manufacturing charge. Plea counsel further testified, "[T]he only thing he wanted to do was avoid jail or prison. That was his total concentration. And to do that, we went through three or four different plea offers. . . . I would have never pled him to things they couldn't prove." The prosecutor had also threatened to file additional charges or "sending this to the feds, because he had guns and drugs." Plea counsel also noted his opinion that the State possessed sufficient evidence on the manufacturing charge and he discussed the same with Mullen. Counsel offered his opinion that proceeding to trial on that charge would be unwise, but he left the decision on whether to proceed to trial to Mullen. Counsel began preparing to take the case to trial, but Mullen ultimately decided to accept the State's plea offer to not risk going to prison.

In his testimony at the PCR trial, Mullen indicated he should have been charged with simple possession instead of manufacturing and he took that position with his attorney, but counsel refused to defend him if he proceeded to trial on the manufacturing charge. The gist of Mullen's PCR testimony was that plea counsel was ineffective in allowing him to plead guilty without an adequate factual basis. He also implied he only pled guilty to the manufacturing charge because he thought he "could get hammered with 165 years' worth of tax stamps" and plea counsel never informed him that the State had no case for the tax-stamp violations. He insisted he would have proceeded to trial had he known the tax-stamp charges were unsupported by the evidence.

In its ruling on the PCR application, the district court concluded Mullen's testimony was "not credible" and was "contradicted by the record." Upon our de novo review of the record, we agree. We find as a matter of fact that Mullen, when he pled guilty, was well aware that the tax-stamp charges were unsupported by the evidence. This finding defeats his argument that his plea was involuntary because he was unaware of such information and that his counsel was ineffective in allowing him to enter the plea. To the extent Mullen argues his guilty plea to manufacturing a controlled substance was unsupported by a factual basis, we conclude the minutes of evidence demonstrate facts that support the offense—law enforcement found "harvested mushrooms" and "numerous items . . . commonly used in a psilocybin mushroom grow" in Mullen's residence, and some of the mushrooms were of the psilocyn variety. *See State v. Ortiz*, 789 N.W.2d 761, 768 (Iowa 2010); *see also* Iowa Code §§ 124.204(4)(t) (listing psilocyn as a schedule I controlled substance), .401(1)(c)(8) (criminalizing the manufacture of schedule I controlled substances). The fact that Mullen was also in the possession of non-illegal mushrooms does not explain away the existence of illegal harvested mushrooms and the presence of items consistent with manufacturing the same.[5]

---

[5] We note our acknowledgment, but rejection, of Mullen's references to the supreme court's recent ruling in *Schmidt v. State*, 909 N.W.2d 778 (Iowa 2018). In that case, an applicant was allowed to challenge the knowing-and-voluntary nature of his guilty pleas on the basis of "actual innocence." *Schmidt*, 909 N.W.2d at 781. Here, however, Mullen appears to direct his actual-innocence claim toward the tax-stamp charges, which he did not plead guilty to. To the extent he directs the claim toward the manufacturing charge, we reject it because his arguments are limited to the information contained in the minutes of evidence, which we have concluded provide a factual basis for the plea. Furthermore, we conclude a reasonable fact finder could have found Mullen guilty of the manufacturing charge in light of all of the evidence. *See id.* at 797.

**IV.    Conclusion**

We conclude Mullen failed to preserve error on his claim counsel was ineffective in failing to withdraw in light of a conflict of interest.  To the extent he raises a claim of structural error as to PCR counsel, his argument is insufficient to facilitate our review, and we do not consider it.  Mullen may challenge the effectiveness of PCR counsel if he files another PCR application promptly after the issuance of procedendo.  We affirm the denial of relief on Mullen's plea-related claims.

**AFFIRMED.**