# IN THE SUPREME COURT OF IOWA

No. 17–0118

Filed November 9, 2018

**STATE OF IOWA,**

    Appellee,

vs.

**ANTHONY ANTOINE HARRIS,**

    Appellant.

---

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Polk County, Paul D. Scott, Judge.

A defendant requests further review of a court of appeals decision affirming his conviction. **DECISION OF COURT OF APPEALS AFFIRMED IN PART AND VACATED IN PART; DISTRICT COURT JUDGMENT AFFIRMED.**

Gary D. Dickey of Dickey & Campbell Law Firm, P.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, Martha E. Trout, Assistant Attorney General, John P. Sarcone, County Attorney, and Joseph D. Crisp, Assistant County Attorney, for appellee.

**PER CURIAM.**

A jury convicted Anthony Harris on one count of possession of methamphetamine with intent to deliver, in violation of Iowa Code section 124.401(1)(*c*)(6) (2016), and two counts of delivery of a controlled substance, methamphetamine, in violation of Iowa Code section 124.401(1)(*c*)(6). He appealed his convictions. We transferred the case to our court of appeals.

The court of appeals reached two issues on appeal. First, it found the record contained sufficient evidence to support the jury verdicts. Second, it found Harris failed to preserve error in this appeal on his ineffective-assistance-of-counsel hearsay claim. It then stated that although Harris argued the court of appeals could consider his hearsay claim as an ineffective-assistance-of-counsel claim, it refused to do so. In its opinion, it not only refused to consider the claim as an ineffective-assistance-of-counsel claim, it denied the hearsay claim on its merits because Harris failed to preserve his challenge.

Harris asked for further review, which we granted. On further review, we have the discretion to review all or some of the issues the parties raised on appeal. *State v. Clay,* 824 N.W.2d 488, 494 (Iowa 2012). In exercising our discretion, we will not consider Harris's sufficient evidence claims and will let the court of appeals decision stand as the final decision in that matter.

We will consider, however, Harris's ineffective-assistance-of-counsel claim on further review. When counsel fails to preserve error at trial, a defendant can have the matter reviewed as an ineffective-assistance-of-counsel claim. *State v. Brubaker,* 805 N.W.2d 164, 170 (Iowa 2011). We can reach an ineffective-assistance-of-counsel claim on a direct appeal if the record is sufficient to reach it. *Id.* If the record is insufficient to allow

for a review on direct appeal, we do not reach the issue on direct appeal and allow the defendant to raise the claim in a separate postconviction-relief action. *Id.*

Here the court of appeals found Harris did not preserve error on his challenge to the implied hearsay testimony. Moreover, it rejected his argument that if error was not preserved, his trial counsel was ineffective. Specifically, the court of appeals found Harris waived his ineffective-assistance claim by only including a cursory discussion of ineffective assistance in a footnote. Upon our de novo review, we find this is error.

If the development of the ineffective-assistance claim in the appellate brief was insufficient to allow its consideration, the court of appeals should not consider the claim, but it should not outright reject it. *State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010) (holding "a defendant is [not] required to demonstrate the potential viability of any ineffective-assistance claim raised on direct appeal in order to preserve the claim for postconviction relief" and "[if] the court determines the claim cannot be addressed on appeal, the court must preserve it for a postconviction-relief proceeding"). Therefore, we vacate that part of the court of appeals decision deciding the ineffective-assistance-of-counsel hearsay claim.

Accordingly, we affirm the part of the court of appeals decision finding the evidence was sufficient for the jury to convict Harris, reverse the part of the court of appeals decision denying Harris's ineffective-assistance-of-counsel claim on the hearsay claim, and affirm the judgment of the district court. By reaching this disposition, Harris can bring a separate postconviction-relief action based on his ineffective-assistance-of-counsel claim regarding hearsay, if he so wishes.

**DECISION OF COURT OF APPEALS AFFIRMED IN PART AND VACATED IN PART; DISTRICT COURT JUDGMENT AFFIRMED.**

This opinion shall be published.