# IN THE COURT OF APPEALS OF IOWA

No. 18-0274
Filed January 23, 2019

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**REBECCA JONES,**
      Defendant-Appellant.
_____

Appeal from the Iowa District Court for Harrison County, Mark J. Eveloff, Judge.

Rebecca Jones appeals her conviction, following an *Alford* plea, of first-degree arson. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Maria Ruhtenberg, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney General, for appellee.

Considered by Doyle, P.J., and Mullins and McDonald, JJ.

**MULLINS, Judge.**

Rebecca Jones appeals her conviction, following an *Alford* plea,[1] of first-degree arson. She argues her counsel rendered ineffective assistance in allowing her to plead guilty absent a sufficient factual basis to support the charge and failing to file a motion in arrest of judgment to challenge the plea. Although Jones failed to file a motion in arrest of judgment, she may challenge her plea through a claim of ineffective assistance of counsel. *See State v. Weitzel*, 905 N.W.2d 397, 401 (Iowa 2017). Our review of such claims is de novo. *See State v. Harris*, 919 N.W.2d 753, 754 (Iowa 2018). Jones must show by a preponderance of the evidence that (1) counsel failed to perform an essential duty and (2) prejudice resulted. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Harrison*, 914 N.W.2d 178, 188 (Iowa 2018).

A factual basis is a prerequisite to the court's acceptance of an *Alford* plea. *See* Iowa R. Crim. P. 2.8(2)(b); *State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999). If counsel allows a defendant to plead guilty and waives the defendant's right to file a motion in arrest of judgment when there is an inadequate factual basis to support the charge, counsel breaches an essential duty and prejudice is presumed. *Rhoades v. State*, 848 N.W.2d 22, 29 (Iowa 2014). A factual basis exists when the record, as a whole, discloses facts to satisfy the elements of the crime. *See State v. Finney*, 834 N.W.2d 46, 62 (Iowa 2013). "The record does not need to show the totality of evidence necessary to support a guilty conviction, but

---

[1] *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970) ("An individual accused of [a] crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime.").

it need only demonstrate facts that support the offense." *State v. Ortiz*, 789 N.W.2d 761, 768 (Iowa 2010).

The crime of arson in the first degree consists of the following elements: (1) The defendant either (a) caused a fire or explosion or (b) placed any burning or combustible material or any incendiary or explosive device or material in or near any property; (2) the defendant either (a) intended to destroy or damage such property or (b) knew such property would probably be destroyed or damaged; and (3) the presence of one or more persons could be reasonably anticipated in or near the subject property. *See* Iowa Code §§ 712.1(1), .2 (2017).[2]

The minutes of evidence reveal the following facts. On or about November 4, 2017, a fire occurred at an occupied apartment and business building in Missouri Valley, Iowa. Officer Dezeeuw was on routine patrol at 12:30 p.m. when he was notified of the fire. Upon his arrival, he noticed smoke and flames emanating from the structure's second-floor apartments. Fire agencies responded and extinguished the fire. The fire started in a second-floor entryway between two nearby apartments, one being occupied by Jamie Mathis and the other being unoccupied. Based upon his visual observations, Officer Haken believed the fire was aided by an accelerant. The value of the damages to the building exceeded $10,000.

---

[2] Arson does not include situations in which
> a person who owns said property which the defendant intends to destroy or damage, or which the defendant knowingly endangers, consented to the defendant's acts, and where no insurer has been exposed fraudulently to any risk, and where the act was done in such a way as not to unreasonably endanger the life or property of any other person . . . .

Iowa Code § 712.1(1).

While on the scene, Haken was approached by an employee of the first-floor salon, who reported Jones came into the salon, "grabbed a handful of newspapers and walked out." The employee reported she smelled smoke within ten to fifteen minutes after Jones left the salon. Another witness reported to law enforcement he observed smoke and flames coming from the structure's second floor as he was driving by. This witness initially observed that the exterior door leading to the stairs to the second floor was open but when he drove by again moments later, he observed Jones walk down the stairs, exit and close the door, and then leave the scene on foot. Another witness reported that Jones had recently indicated to her that she was upset with her roommate, Mathis, for several reasons.

At 1:20 p.m., Dezeeuw reported to nearby railroad tracks in response to a report from railroad employees regarding a female walking on the tracks. Dezeeuw located Jones and arrested her for trespass. Dezeeuw knew Jones to commonly reside in the building in which the fire started and questioned whether she was aware of the fire. Jones simply advised she did not live there. While transporting Jones to jail, Dezeeuw noticed Jones smelled of smoke, not like "cigarette smoke," but instead like "campfire smoke." Later, before interviewing Jones, Haken retrieved her clothes from the inmate property room, on which he detected the odors of smoke and an ignitable liquid.

The minutes of evidence make clear that someone engaged in conduct amounting to arson in the first degree. The only question is whether the minutes demonstrate facts that support a conclusion that Jones was that someone. *See Ortiz*, 789 N.W.2d at 768. Upon our review, we answer that question in the

affirmative. Jones had recently indicated her frustration and disdain for Mathis, her roommate. An accelerant-aided fire was started just outside of Mathis's apartment. Shortly before the fire, Jones retrieved "a handful of newspapers" from the nearby salon. After the fire started, Jones was seen exiting the area where the fire commenced, shutting the door behind her, and then leaving on foot. Jones was located nearby. Dezeeuw knew Jones to commonly reside in the building, but when confronted about her knowledge of the fire, she denied living there. Dezeeuw smelled smoke on Jones's person, and Haken detected the odors of smoke and an ignitable liquid on Jones's clothing.

Jones's plea to arson in the first degree enjoys a factual basis. Consequently, we conclude counsel did not render ineffective assistance in allowing her to plead guilty or in failing to challenge the plea by way of a motion in arrest of judgment. We affirm Jones's conviction.

**AFFIRMED.**