# IN THE COURT OF APPEALS OF IOWA

No. 18-0273
Filed February 6, 2019

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**CENTREL DAUNTA HANDY,**
      Defendant-Appellant.
_____

      Appeal from the Iowa District Court for Des Moines County, Michael J.

Schilling, Judge.


      Centrel Handy appeals his conviction for possession of a firearm by a felon.

**AFFIRMED.**


      Trent A. Henkelvig of Henkelvig Law, Danville, for appellant.

      Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant

Attorney General, for appellee.


      Considered by Vogel, C.J., and Vaitheswaran and McDonald, JJ.

**VAITHESWARAN, Judge.**

Centrel Handy appeals his conviction for possession of a firearm by a felon, in violation of Iowa Code section 724.26(1) (2017). Handy contends his trial attorney was ineffective in failing to argue "Iowa Code chapter 724 is unconstitutional under the 2nd amendment [to the United States Constitution] in light of the [*District of Columbia v. Heller*, 554 U.S. 570 (2008)] decision." The State preliminarily responds Handy waived the issue by failing to "make any argument regarding how his trial counsel breached a duty [and] how this breach prejudiced him, and" by failing "to cite any authority in support of these claims."

The Iowa Supreme Court recently held, "If the development of the ineffective-assistance claim in the appellate brief [is] insufficient to allow its consideration, the court of appeals should not consider the claim, but it should not outright reject it." *State v. Harris*, 919 N.W.2d 753, 754 (Iowa 2018). The court stated the defendant could "bring a separate postconviction-relief action based on his ineffective-assistance-of-counsel claim." *Id.*

Pursuant to *Harris*, we affirm Handy's conviction and sentence without prejudice to his right to raise his ineffective-assistance-of-counsel claim in a postconviction-relief application.

**AFFIRMED.**