# IN THE COURT OF APPEALS OF IOWA

No. 18-1379
Filed March 6, 2019

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**MIKALA CELESTE WEBSTER,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Woodbury County, Timothy T. Jarman, District Associate Judge.

Mikala Webster appeals her conviction of operating while intoxicated. **AFFIRMED.**

Priscilla E. Forsyth, Sioux City, for appellant.

Thomas J. Miller, Attorney General, and Richard J. Bennett, Special Counsel, for appellee.

Considered by Doyle, P.J., and Mullins and McDonald, JJ.

**MULLINS, Judge.**

Mikala Webster appeals her conviction of operating while intoxicated (OWI). She argues the district court erred in denying her motion to dismiss on statute-of-limitations grounds. Specifically, she argues Iowa Code section 802.6(1) (2013) violates the due process and equal protection clauses of the state and federal constitutions "because it no longer requires a person to have the intent to flee prosecution when leaving the state for the statute of limitations to be tolled." *See* 2002 Iowa Acts ch. 1116, § 1. Appellate review of constitutionally-based claims is de novo. *State v. Neiderbach*, 837 N.W.2d 180, 190 (Iowa 2013).

The criminal charge resulted from Webster's acts in June 2013. Webster was charged by trial information with OWI in October 2017. Webster filed a motion to dismiss citing the State's failure to charge her within the three-year statute of limitations contained in Iowa Code section 802.3. Webster made no claim of a constitutional violation in her motion to dismiss. In its resistance, the State noted Webster was "not publicly resident within the state" from the time of the underlying acts through the filing of the trial information and, as such, the statute of limitations was tolled by Iowa Code section 802.6(1). Webster filed a supplement to her motion in which she conceded her absence from the state but again did not articulate a constitutional claim. No constitutional argument was made at the subsequent hearing on the motion. The district court ultimately denied the motion to dismiss, concluding section 802.6(1) applied to toll the statute of limitations.

Upon our de novo review, we agree with the State that Webster has failed to preserve error on her constitutional claims, as they were not raised in nor decided by the district court. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa

2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal."); *see also State v. Mulvany*, 600 N.W.2d 291, 293 (Iowa 1999) ("[W]e require error preservation even on constitutional issues."). Webster makes no claim counsel rendered ineffective assistance in failing to preserve error. *See State v. Harris*, 919 N.W.2d 753, 754 (Iowa 2018) ("When counsel fails to preserve error at trial, a defendant can have the matter reviewed as an ineffective-assistance-of-counsel claim.").

We will not consider Webster's arguments for the first time on appeal. We affirm the denial of her motion to dismiss and her conviction.

**AFFIRMED.**