**IN THE COURT OF APPEALS OF IOWA**
No. 17-1820
Filed March 20, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**BENJAMIN DEJESUS-CRUZ,**
        Defendant-Appellant.

_____

        Appeal from the Iowa District Court for Sioux County, Patrick H. Tott (motion to suppress) and Julie Schumacher (trial and sentencing), Judges.

        Benjamin DeJesus-Cruz appeals his convictions for manufacture, delivery, or possession of methamphetamine with intent to deliver and operating while intoxicated. **AFFIRMED.**

        Rees Conrad Douglas, Sioux City, for appellant.

        Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.

        Considered by Doyle, P.J., and Tabor and Mullins, JJ.

**DOYLE, Presiding Judge.**

Benjamin DeJesus-Cruz appeals his convictions for manufacture, delivery, or possession of methamphetamine with intent to deliver and operating while intoxicated. He contends law enforcement impounded and searched his vehicle in violation of his rights under the Iowa Constitution and, therefore, the evidence discovered during the inventory search is inadmissible.

On the morning of June 25, 2017, law enforcement officers received numerous reports concerning DeJesus-Cruz driving and acting erratically. While one officer conducted field sobriety tests of DeJesus-Cruz, another discovered his vehicle parked illegally and initiated impoundment procedures. While conducting a vehicle inventory, an officer discovered three large plastic bags that held smaller plastic bags containing methamphetamine.

The State charged DeJesus-Cruz with four drug-related counts and one count of operating while intoxicated, which it later amended to one count each of manufacture, delivery, or possession of methamphetamine with intent to deliver and operating while intoxicated. DeJesus-Cruz pled not guilty and moved to suppress the evidence recovered during the search of his vehicle, arguing the State obtained the evidence in violation of his Fourth Amendment right under the United States Constitution and article I, section 8 of the Iowa Constitution. The district court denied the motion. After DeJesus-Cruz waived his right to a jury trial, the trial court found DeJesus-Cruz guilty on both counts following a trial on the minutes of evidence.

On appeal, DeJesus-Cruz challenges the denial of his motion to suppress, arguing the impoundment and inventory search of his vehicle violated his

constitutional right against unreasonable searches and seizures. His argument focuses solely on his rights under the Iowa Constitution. Although his trial counsel cited both the Iowa and United States Constitutions in his motion to suppress, DeJesus-Cruz concedes his trial counsel failed to raise an independent argument under the state constitution, focusing his argument exclusively on federal constitutional grounds. Because the preservation of error is uncertain, he presents his claim under an ineffective-assistance-of-counsel rubric. *See State v. Ingram*, 914 N.W.2d 794, 801 (Iowa 2018) (noting a search-and-seizure claim under our state constitution is "minimally preserved" when counsel merely cites article I, section 8 of the Iowa Constitution but describes the claim based on "generally adopted federal caselaw"); *State v. Prusha*, 874 N.W.2d 627, 630 (Iowa 2016) (finding the defendant failed to preserve error on state constitutional claim because he "never apprised the district court that he believed the search violated article I, section 8").

We review an ineffective-assistance-of-counsel claim de novo. *See Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012). In order to succeed, DeJesus-Cruz must establish that his trial counsel breached a duty and prejudice resulted. *See id.* at 856. Although we will address a claim of ineffective assistance of counsel on direct appeal when the record is sufficient to decide the issue, *see State v. Ross*, 845 N.W.2d 692, 697 (Iowa 2014), we generally preserve such claims for postconviction-relief proceedings where a proper record can be developed, *see State v. Null*, 836 N.W.2d 41, 48 (Iowa 2013).

DeJesus-Cruz's argument relies primarily on our supreme court's holding in *Ingram*, in which our supreme court outlined the requirements for impoundment

and inventory searches under the Iowa Constitution. 914 N.W.2d at 820. It summarized those requirements as follows:

> [T]he police should advise the owner or operator of the options to impoundment; personal items may be retrieved from the vehicle; and if the vehicle is impounded, containers found within the vehicle will not be opened but stored for safekeeping as a unit unless the owner or operator directs otherwise.

*Id.* Because these procedures were not followed in *Ingram*, the court held the warrantless inventory search violated the search and seizure protections of the Iowa Constitution and reversed the district court order denying the defendant's motion to suppress on that basis. *Id.* at 820-21. DeJesus-Cruz claims counsel was ineffective in failing to raise a similar state constitutional challenge to the impoundment and inventory procedures utilized in his case.

The State argues counsel had no duty to raise the claim asserted on appeal because the supreme court did not decide *Ingram* until almost one year after the trial court denied DeJesus-Cruz's motion to suppress, noting we do not require defense counsel to be "a 'crystal gazer' who can predict future changes in established rules of law in order to provide effective assistance to a criminal defendant." *State v. Westeen*, 591 N.W.2d 203, 210 (Iowa 1999). However, counsel must exercise reasonable diligence in deciding whether an issue is "worth raising." *Id.* Although the caselaw in existence at the time of his arrest supported the conclusion that the impoundment and inventory search of DeJesus-Cruz's vehicle passed constitutional muster under the federal constitution, the question of whether the Iowa Constitution provided greater protection remained undecided. *See Ingram*, 914 N.W.2d at 799-800 (noting Ingram's argument under the United States constitution cited to federal cases that generally provide warrantless

inventory searches of automobiles are permissible, his state constitutional challenge had "different dimensions").  Before *Ingram* was decided, "a number of state courts ha[d] rejected the two-pronged policy approach of the United States Supreme Court in favor of a more restrictive approach that sharply limits warrantless searches and seizures of automobiles."  *Id.* at 800.  Under these circumstances, counsel may be found to have rendered ineffective assistance for failing to raise the argument.  *Westeen* 591 N.W.2d at 210 (noting counsel had been found ineffective for failing to raise an argument when "(1) there were no Iowa cases that would have foreclosed the argument counsel was faulted for not making; (2) a review of the statute 'would have lent substantial weight' to the defendant's argument; and (3) case law from other jurisdictions supported the defendant's position").

Because the record is not fully developed regarding counsel's decision-making and any prejudice to DeJesus-Cruz, we preserve this claim for postconviction relief.  *See State v. Harris*, 919 N.W.2d 753, 754 (Iowa 2018) ("If the development of the ineffective-assistance claim in the appellate brief was insufficient to allow its consideration, the court of appeals should not consider the claim, but it should not outright reject it."); *State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010) (if the court determines the claim cannot be addressed on appeal, the court must preserve it for a postconviction-relief proceeding).

**AFFIRMED.**