# IN THE COURT OF APPEALS OF IOWA

No. 18-1301
Filed April 17, 2019

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JAMES RICHARD DAWSON JR.,**
    Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Gregory A. Hulse,

Judge.


        The defendant appeals his conviction for neglect of a dependent person.

**AFFIRMED.**


        Patrick W. O'Bryan, Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney

General, for appellee.


        Considered by Potterfield, P.J., Tabor, J., and Scott, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**SCOTT, Senior Judge.**

James Dawson appeals his conviction for neglect of a dependent person. We are unable to determine the basis for Dawson's claims of ineffective assistance of counsel, and we preserve his claim for possible postconviction-relief proceedings. We affirm his conviction.

According to the minutes of evidence, on March 26, 2018, Des Moines police officers conducted a search of the bedroom where Dawson was residing. The officers found marijuana, a spoon and baggies with methamphetamine residue, and two syringes loaded with methamphetamine. The spoon, baggies, and syringes were in an area accessible to Dawson's two-year-old child. Dawson admitted, "[T]he narcotics found in the southeast bedroom where he resides were his."

Dawson was charged with neglect of a dependent person and two counts of possession of a controlled substance. He entered into a plea agreement in which he agreed to plead guilty to neglect of a dependent person, in violation of Iowa Code section 726.3 (2018), and the other charges would be dismissed.[1] At the plea proceeding, Dawson stated he engaged in the sale of methamphetamine while his child was in his care. He stated the child was in the house, but not in the same room, while he was selling illegal substances. Dawson agreed drug dealing was an inherently dangerous business and the child could not protect himself from

---

[1] In a separate criminal case, Dawson was charged with possession of a controlled substance with intent to deliver and failure to affix a drug-tax stamp. Under the plea agreement, Dawson also agreed to plead guilty to possession of a controlled substance with intent to deliver. Based on the plea agreement, Dawson would be sentenced to a term of imprisonment not to exceed ten years on each charge, to be served consecutively. Dawson did not appeal his conviction for possession of a controlled substance with intent to deliver.

that danger due to his young age. Dawson also stated the court could consider the minutes of evidence in determining whether there was a factual basis for the plea.

The court accepted Dawson's guilty plea. Dawson now appeals, claiming he received ineffective assistance of counsel. We conduct a de novo review of claims of ineffective assistance of counsel. *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008).

Dawson claims he did not file a motion in arrest of judgment to challenge his guilty plea due to ineffective assistance of counsel.[2] He states he did not knowingly, voluntarily, and intelligently plead guilty to neglect of a dependent person because "his trial counsel did not adequately explain things to him prior to the plea he entered." Dawson states he did not do anything "to endanger his son's safety as his son was always in a different part of his residence whenever illegal substances were sold." He claims that but for the ineffective assistance of counsel, he would not have pled guilty to the charge.

We address claims of ineffective assistance on direct appeal only when the record is adequate. *State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010) ("[I]f a defendant wishes to have an ineffective-assistance claim resolved on direct appeal, the defendant will be required to establish an adequate record to allow the appellate court to address the issue."). "Only in rare cases will the trial record alone be sufficient to resolve the claim on appeal." *State v. Tate*, 710 N.W.2d 237, 240 (Iowa 2006).

---

[2] A defendant may raise a claim of ineffective assistance of counsel, although a motion in arrest of judgment was not filed. *State v. Null*, 836 N.W.2d 41, 48 (Iowa 2013).

We determine we are unable to address Dawson's claims in this direct appeal. Dawson asserts defense counsel "did not adequately explain things to him prior to the plea he entered," but does not set forth what those "things" were. Because we are unable to determine the basis for Dawson's claims, we cannot make a determination of whether he received ineffective assistance of counsel or not. *See State v. Harris*, 919 N.W.2d 753, 754 (Iowa 2018) ("If the development of the ineffective-assistance claim in the appellate brief was insufficient to allow its consideration, the court of appeals should not consider the claim, but it should not outright reject it."); *see also Johnson*, 784 N.W.2d at 198 ("[A] defendant is [not] required to demonstrate the potential viability of any ineffective-assistance claim raised on direct appeal in order to preserve the claim for postconviction relief.").

If a claim of ineffective assistance of counsel cannot be addressed in a direct appeal, it should be preserved for possible postconviction-relief proceedings. *Johnson*, 784 N.W.2d at 198. By preserving the issue, "an adequate record of the claim can be developed and the attorney charged with providing ineffective assistance may have an opportunity to respond to defendant's claims." *State v. Biddle*, 652 N.W.2d 191, 203 (Iowa 2002).

We determine Dawson's claim of ineffective assistance of counsel should be preserved for possible postconviction-relief proceedings. We affirm his conviction for neglect of a dependent person.

**AFFIRMED.**