# IN THE COURT OF APPEALS OF IOWA

No. 18-0874
Filed May 15, 2019

**STATE OF IOWA,**
　　　Plaintiff-Appellee,

**vs.**

**GREGORY RICHARD KUCHERA,**
　　　Defendant-Appellant.
_____

　　　Appeal from the Iowa District Court for Pottawattamie County, Craig M. Dreismeier, Judge.


　　　A defendant challenges his conviction for carrying a concealed weapon. **AFFIRMED**.


　　　Drew H. Kouris, Council Bluffs, for appellant.

　　　Thomas J. Miller, Attorney General, and Israel Kodiaga, Assistant Attorney General, for appellee.


　　　Considered by Potterfield, P.J., and Tabor and Bower, JJ.

**TABOR, Judge.**

Gregory Kuchera appeals his conviction for carrying a concealed weapon in violation of Iowa Code section 724.4(1) (2017). Kuchera alleges his legal representation in the guilty-plea proceedings fell below constitutional norms. Because the record is insufficient to decide Kuchera's claims of ineffective assistance of counsel, we preserve them for a possible postconviction-relief action.

The Pottawattamie County Attorney charged Kuchera with first-offense operating while intoxicated (OWI) and two counts of carrying concealed weapons after a June 2017 traffic stop in Carter Lake. The stopping officer removed a loaded Beretta .22 caliber pistol from Kuchera's pants pocket and found a nine-millimeter Glock pistol in the trunk of Kuchera's Volvo. In March 2018, Kuchera signed a written guilty plea to the OWI offense and to one count of carrying a concealed weapon for the Glock pistol. The State agreed to dismiss the second weapons count. The district court accepted Kuchera's guilty pleas after an on-the-record colloquy. At sentencing, the court denied Kuchera's request for a deferred judgment on the concealed-weapons charge. Kuchera appeals only the weapons conviction; he does not request review of his OWI offense.

On appeal, Kuchera complains his written plea was misleading in regard to the minimum fine and the consequences of the firearm conviction. He also contends he was confused during the plea colloquy by the district court's reference to a "sentencing trial" and by the court's explanation of his right to file a motion in arrest of judgment. He claims counsel should have sought to withdraw the guilty plea. Finally, Kuchera argues his own statements at the sentencing hearing should have prompted counsel to request a competency hearing.

"We review ineffective-assistance-of-counsel claims de novo." *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). To prove he received ineffective assistance, Kuchera must show his attorney failed to perform an essential duty and prejudice resulted. *See Dempsey v. State*, 860 N.W.2d 860, 868 (Iowa 2015). Because alleges ineffective assistance in connection with his guilty plea, Kuchera must show, but for counsel's breach, there was a reasonable probability he would have insisted on going to trial. *See State v. Tate*, 710 N.W.2d 237, 240 (Iowa 2006). It will be the rare case where a defendant can "muster enough evidence to prove prejudice without a postconviction[-]relief hearing." *Straw*, 709 N.W.2d at 138.

Because the record here is not developed enough to resolve Kuchera's claims concerning his confusion and competency to enter the guilty plea, we preserve the matter for a potential postconviction-relief proceeding. *See State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010); *see also State v. Harris*, 919 N.W.2d 753, 754 (Iowa 2018) ("If the development of the ineffective-assistance claim in the appellate brief was insufficient to allow its consideration, the court of appeals should not consider the claim, but it should not outright reject it.").

**AFFIRMED.**