# IN THE COURT OF APPEALS OF IOWA

No. 17-1661
Filed June 5, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**TACARI TREVON MINIFEE,**
        Defendant-Appellant.

_____

        Appeal from the Iowa District Court for Dubuque County, Thomas A. Bitter,

Judge.

        Tacari Minifee appeals his conviction and sentences for first-degree murder

and first-degree robbery.  **AFFIRMED.**

        Eric D. Tindal of Keegan Tindal & Mason, Iowa City, for appellant.

        Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney

General, for appellee.

        Considered by Vogel, C.J., Vaitheswaran, J., and Carr, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**VAITHESWARAN, Judge.**

A jury found Tacari Trevon Minifee guilty of first-degree murder and first-degree robbery in connection with the invasion of a mobile home and the subsequent shooting of one of the occupants. On appeal, Minifee argues (1) his attorney was ineffective in failing to challenge a modified procedure for communicating with counsel at a jail as being in violation of his constitutional right to counsel, (2) his attorney was ineffective in failing to seek a merger of his sentences, and (3) the district court erred in permitting a law enforcement officer to identify him in a photo.

The Iowa Supreme Court addressed the question of barrier-free contact in *State v. Robinson*, 859 N.W.2d 464, 486–87 (Iowa 2015). The court found no broad right to such contact under Iowa Code section 804.20 (2016). *Robinson*, 859 N.W.2d at 486–87. The court declined to address the defendant's constitutional challenge to the absence of contact after concluding error was not preserved. *Id.* at 487.

Minifee challenged the original contact procedures of the jail in which he was housed and obtained an order modifying the procedure. However, he failed to challenge the modified procedure. Accordingly, the issue must be reviewed under an ineffective-assistance-of-counsel rubric. The record is inadequate to resolve the issue on direct appeal. *See State v. Harris*, 919 N.W.2d 753, 754 (Iowa 2018) ("If the record is insufficient to allow for a review on direct appeal, we do not reach the issue on direct appeal and allow the defendant to raise the claim in a separate postconviction-relief action."). Accordingly, we preserve the claim for a possible postconviction-relief action. *See id.*

We turn to the district court's failure to merge his sentences for first-degree robbery and first-degree murder. Minifee asks us to compare the jury instructions for each crime and conclude "it was impossible for the jury to convict [him] of Murder without also convicting him of robbery."

Minifee raises the issue as an ineffective-assistance-of-counsel claim because his trial attorney did not preserve error in the district court. But, as the State concedes, an illegal sentence may be challenged at any time. *State v. Love*, 858 N.W.2d 721, 723 (Iowa 2015) ("A district court's failure to merge convictions as required by statute results in an illegal sentence. Such claims may be raised at any time."). Accordingly, the issue need not be reviewed under an ineffective-assistance-of-counsel rubric. We proceed to the merits.

In *State v. Heemstra*, 721 N.W.2d 549, 558 (Iowa 2006), the Iowa Supreme Court held "if the act causing willful injury is the same act that causes the victim's death, the former is merged into the murder and therefore cannot serve as the predicate felony for felony-murder purposes." The court has not extended the rule to the predicate felony of robbery. *See State v. McCoy*, No. 14-0918, 2016 WL 3269458, at *5–6 (Iowa Ct. App. June 15, 2016). We decline Minifee's invitation to take this step. We affirm Minifee's sentences for both crimes.

Minifee's final argument is premised on the district court's admission of a law enforcement officer's in-court identification of him in a photo. He contends the officer "had no greater knowledge of [the photograph] than a juror."

The photograph captured a distant view of a person in jeans and a jean jacket. Defense counsel objected to the officer's testimony about the photograph on the ground there was no foundation and the officer's identification of Minifee

"invade[d] the province of the jury." The district court summarily overruled the objection. Counsel did not object to admission of the photograph.[1]

"Generally, the credibility of witnesses and the weight to be given their testimony is the sole province of the jury." *See State v. Williams*, 315 N.W.2d 45, 58 (Iowa 1982). The officer's identification of Minifee did not usurp that role. The officer was charged with investigating the crime and identified Minifee based on his clothing, which she stated was "the same exact clothing" he was wearing in a social-media post. The jury retained its function to evaluate the photo and other evidence and determine the credibility of the officer's testimony.[2]

Minifee also suggests the court should adopt factors governing pretrial identifications for the officer's in-court photo identification of Minifee. *See, e.g.,* *State v. Ash*, 244 N.W.2d 812, 815 (Iowa 1976) ("[C]onvictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification."). The issue was not raised in the district court. *See* *Carter v. Wiese Corp.*, 360 N.W.2d 122, 132 (Iowa Ct. App. 1984) (stating objection on foundation grounds was insufficient to preserve error on more specific grounds). We preserve the issue for a possible postconviction-relief action.

---

[1] The photo was marked as State's exhibit 181 and was referred to by that exhibit number during trial. However, the electronic trial court binder assigned an exhibit number of 169 to the photo.

[2] The photo was taken several hours before the crime. Defense counsel did not object to the identification on relevance grounds. Accordingly, we need not address that issue, which is raised by the State in the context of a harmless-error argument.

We affirm Minifee's convictions and sentences.

**AFFIRMED.**