# IN THE COURT OF APPEALS OF IOWA

No. 18-1654
Filed July 24, 2019

**TYLAN JAMES DEBEIR,**
      Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
      Respondent-Appellee.
_____

Appeal from the Iowa District Court for Floyd County, DeDra L. Schroeder,

Judge.

Tylan DeBeir appeals from the denial of his application for postconviction

relief. **AFFIRMED.**

David A. Kuehner of Eggert, Erb, Kuehner & DeBower, P.L.C., Charles City,

for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney

General, for appellee State.

Considered by Potterfield, P.J., and Doyle and May, JJ.

**MAY, Judge.**

Tylan DeBeir appeals from the dismissal of his application for postconviction relief (PCR). On appeal, he alleges he received ineffective assistance from his PCR counsel. We affirm the dismissal and preserve his ineffective-assistance claim for future PCR proceedings.

Following a jury trial, DeBeir was convicted of child endangerment causing serious injury. *See State v. DeBeir*, No. 16-0297, 2017 WL 361998, at *1 (Iowa Ct. App. Jan. 25, 2017). DeBeir appealed, alleging his trial counsel was ineffective for failing to challenge a jury instruction. *Id.* at *2. We affirmed his conviction. *Id.* at *3.

DeBeir then filed this PCR action. In his amended petition, he alleged his trial counsel was ineffective because she failed to adequately prepare for trial and failed to "call essential witnesses . . . to testify at trial."

Trial before the PCR court was scheduled for June 28, 2018. "The parties agreed," however, "that the case could be submitted on [a] stipulated record."

Ultimately, the PCR court denied DeBeir's application for relief. On appeal, DeBeir claims his PCR counsel provided ineffective assistance by, among other things, failing to present the testimony of certain witnesses.

Generally, claims of ineffective assistance of counsel are reviewed de novo. *State v. Albright*, 925 N.W.2d 144, 151 (Iowa 2019). However, when "the record is insufficient to allow" review at this stage, "we do not reach the issue"; instead, we "allow the [appellant] to raise the claim in a separate postconviction-relief action." *State v. Harris*, 919 N.W.2d. 753, 754 (Iowa 2018); *see also Neitzel v.*

*State*, No. 18-0427, 2019 WL 2524076, at *1–2 (Iowa Ct. App. June 19, 2019) (applying *Harris* to an appeal from the dismissal of a PCR application).

Here, we find the record is not sufficiently developed to review DeBeir's claim that PCR counsel was ineffective. As DeBeir notes in his brief: because our record does not contain the testimony of witnesses who were not called, "the court is left to speculate as to what their testimony would be." We decline to speculate. Instead, we preserve DeBeir's claim for a possible future PCR proceeding.[1] *See Harris*, 919 N.W.2d at 754.

**AFFIRMED.**

---

[1] We note a recent change to Iowa Code section 814.7 (2019) prohibits claims of ineffective assistance of counsel from being "decided on direct appeal from the criminal proceedings." *See* 2019 Iowa Acts ch. 140, § 31. This statutory change does not impact this case because a PCR action is a civil proceeding. *See Jones v. State*, 545 N.W.2d 313, 314 (Iowa 1996) ("A postconviction proceeding is a civil action . . . .").