# IN THE COURT OF APPEALS OF IOWA

No. 18-1698
Filed October 23, 2019

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**AMBER DAWN LEAHY,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Linn County, Mitchell E. Turner, Judge.

A defendant appeals her drug conviction after entering a guilty plea. **AFFIRMED.**

Mark C. Meyer, Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Mullins and May, JJ.

**TABOR, Judge.**

Amber Leahy appeals her guilty plea to possession of methamphetamine in violation of Iowa Code section 124.401(5) (2018), an aggravated misdemeanor. Leahy alleges her legal representation fell below constitutional norms. Because the record is insufficient to decide Leahy's claim of ineffective assistance of counsel, we preserve it for a possible postconviction-relief action.[1]

The Linn County Attorney charged Leahy with (1) possession of methamphetamine after having been convicted of drug offenses twice before, (2) possession of drug paraphernalia, and (3) providing false identification. The charges came after police responded to a disturbance in a motel parking lot in August 2018. Officers arrested Leahy after she gave a false name. During a search incident to arrest, officers found a drug pipe and digital scale with residue in Leahy's purse. Officers also found a syringe containing a substance that field-tested positive for methamphetamine.

In September 2018, Leahy signed a written guilty plea to the lesser-included offense of possession of a controlled substance. The State agreed to dismiss the two other charges. Leahy also filed a written waiver of her presence for the guilty plea and sentencing, a waiver of the right to file a motion in arrest of judgment, a waiver of the right to delay sentencing, and a request for immediate sentencing.

---

[1] Leahy's appellate counsel notes her sentence on this drug-possession conviction may have been discharged as of July 2019. But she argues "she is in prison now based on a guilty plea that was accepted without any indication that she had been advised of the consequences of the plea with respect to the other cases for which she was on parole, specifically that section 908.10A would require automatic revocation of her paroles effective on the date of the new offense." The State does not raise a mootness issue. Under these circumstances, and because we do not reach the merits of Leahy's claim, we decline to dismiss the appeal as moot.

The district court accepted Leahy's plea for possession of a controlled substance and her written waivers.

On appeal, Leahy complains her attorney let her enter the written guilty plea without advising her of its effect on other cases for which she was on parole. Leahy contends section 908.10A requires automatic parole revocation effective on the date of her new offense and she was unaware of that consequence. Because she did not have that awareness, Leahy claims she did not enter the guilty plea intelligently and voluntarily. Leahy contends that she is entitled to have the plea set aside and to plead anew.

We review claims of ineffective assistance of counsel de novo. *State v. Brubaker*, 805 N.W.2d 164, 171 (Iowa 2011). To succeed, Leahy must show by a preponderance of the evidence that (1) trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice. *See State v. Thorndike*, 860 N.W.2d 316, 320 (Iowa 2015). Because Leahy alleges ineffective assistance in connection with her guilty plea, she must show but for counsel's breach a reasonable probability existed she would have insisted on going to trial. *See State v. Tate*, 710 N.W.2d 237, 240 (Iowa 2006).

This appeal was pending on July 1, 2019; so we may reach Leahy's ineffective assistance claim on direct appeal if the record is adequate. *See State v. Macke*, ___ N.W.2d ___, ___, 2019 WL 4382985, at *1 (Iowa 2019) ("Iowa Code sections 814.6 and 814.7, as amended, do not apply to a direct appeal from a judgment and sentence entered before July 1, 2019."); *State v. Straw,* 709 N.W.2d 128, 133 (Iowa 2006). Only in rare cases will the trial record alone be sufficient. *State v. Atley*, 564 N.W.2d 817, 833 (Iowa 1997) (explaining ineffective-assistance

claims raised on direct appeal are ordinarily reserved for postconviction proceedings to allow full elaboration of the facts surrounding counsel's conduct).

Because the record here is not developed enough to resolve Leahy's claim of confusion about the consequences of entering the guilty plea, we preserve the matter for a potential postconviction-relief proceeding.  *See State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010); *see also State v. Harris*, 919 N.W.2d 753, 754 (Iowa 2018) ("If the development of the ineffective-assistance claim in the appellate brief was insufficient to allow its consideration, the court of appeals should not consider the claim, but it should not outright reject it.").

**AFFIRMED.**