**IN THE COURT OF APPEALS OF IOWA**

No. 18-0846
Filed November 27, 2019

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**LARRY JEROME FAIRFAX,**
    Defendant-Appellant.
_____

    Appeal from the Iowa District Court for Scott County, Cheryl Traum, District

Associate Judge.


    Larry Fairfax appeals his conviction for absence from custody. **AFFIRMED.**


    Stuart G. Hoover of Blair & Fitzsimmons, P.C., Dubuque, for appellant.

    Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant

Attorney General, for appellee.


    Considered by Bower, C.J., and May and Greer, JJ.

**BOWER, Chief Judge.**

Larry Fairfax appeals his conviction for absence from custody, claiming his counsel provided ineffective assistance for failing to inform the court of his mental-health issues to persuade the court to reduce his sentence.[1]

On July 27, 2017, Fairfax was to report to the Scott County work-release center. Fairfax failed to report to the center and was placed on escape status. Fairfax was apprehended on March 20, 2018—226 days after his report date. Fairfax was charged with the crime of absence from custody, in violation of Iowa Code section 719.4(3) (2017).

On April 24, 2018, Fairfax entered a written guilty plea and a signed memorandum of plea agreement. He waived his right to a plea colloquy, reporting of the hearing, and his presence and allocution at sentencing as part of his written plea. Fairfax's attorney was present at the plea and sentencing hearing. The plea agreement Fairfax signed provides the State would recommend a one-year jail sentence consecutive to any sentence Fairfax was already serving. The court accepted Fairfax's plea and sentenced him to a year in jail consecutive to any sentence he was serving at the time of his failure to report to the work-release center.

---

[1] We recognize Iowa Code section 814.7 was recently amended to provide in pertinent part: "An ineffective assistance of counsel claim in a criminal case shall be determined by filing an application for postconviction relief" and "shall not be decided on direct appeal from the criminal proceedings." *See* 2019 Iowa Acts ch. 140, § 31. In *State v. Macke*, however, our supreme court held the amendment "appl[ies] only prospectively and do[es] not apply to cases pending on July 1, 2019." 933 N.W.2d 226, 235 (Iowa 2019). We are bound by our supreme court's holding. We conclude, therefore, the amendment "do[es] not apply" to this case, which was pending on July 1, 2019. *Id.*

Fairfax appeals. Fairfax attributes his failure to report to the work-release center to depression and trepidation of looking for employment while at the center. He claims his counsel was ineffective for not arguing for a lower sentence based on his depression.

Without a record of the hearing, we have no way to determine what Fairfax's attorney argued. The record on appeal also lacks any evidence of the mental-health issues described by Fairfax on appeal. The record on appeal is not sufficient to resolve Fairfax's ineffective-assistance-of-counsel claim, and we do not reach the issue on direct appeal. *See State v. Harris*, 919 N.W.2d 753, 754 (Iowa 2018). Fairfax may raise the claim in a separate postconviction-relief action. *Id.*

**AFFIRMED.**