# IN THE COURT OF APPEALS OF IOWA

No. 18-2155
Filed December 18, 2019

**KAREN LEE DOREN,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.

_____

Appeal from the Iowa District Court for Fayette County, Richard D. Stochl, Judge.

Karen Doren appeals the summary dismissal of her application for postconviction relief. **AFFIRMED.**

John J. Bishop, Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., Schumacher, J., and Gamble, S.J*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

.

**GAMBLE, Senior Judge.**

Karen Doren appeals from the summary dismissal of her application for postconviction relief (PCR). The district court determined she filed her application beyond the three-year statute of limitations provided in Iowa Code section 822.3 (2015). We agree and affirm.

On appeal, Doren does not challenge whether she filed her PCR application within three years from issuance of procedendo. Rather she argues an exception to the three-year limitation applies, namely that her PCR application asserted "a ground of fact or law that could not have been raised within the applicable time period." *See* Iowa Code § 822.3. She also argues PCR counsel was constitutionally deficient because counsel

> made no effort to present testimony about [her] general claim that there existed evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice nor did he present any testimony about the more specific claims regarding "[d]iscovery of false information" and "[e]vidence withheld—witnesses."

"We generally review postconviction proceedings, including summary dismissals of postconviction-relief applications, for errors at law." *Moon v. State*, 911 N.W.2d 137, 142 (Iowa 2018). "We review claims of ineffective assistance of counsel de novo." *State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012).

Upon review of the record, we conclude Doren did not provide evidence of a "ground of fact or law that could not have been raised" before expiration of the three-year limitation. Her general claim that she discovered false information was provided to someone and certain evidence was withheld is not sufficient to apply the exception. She provided no evidence her discovery could not be made prior

to the expiration of the statute of limitations. *See Harrington v. State*, 659 N.W.2d 509, 520 (Iowa 2003). Likewise, she demonstrated no nexus between the allegedly newly discovered evidence and her conviction. *See id.* Without such showings, Doren cannot establish the exception to the statute of limitations applies. We conclude the exception to the three-year limitation does not apply and the district court properly dismissed her PCR application as untimely.

Doren argues her claim was not developed before the PCR court because her counsel was ineffective. To obtain relief from constitutionally deficient representation, Doren must establish her counsel failed to perform an essential duty and resulting prejudice. *See Clay*, 824 N.W.2d at 495. However, her claim is not adequately developed for our consideration on direct appeal. Doren failed to present evidence of what actions counsel did or did not take to develop her claim and whether her discovery of the allegedly false information and withheld evidence could have been discovered prior to the expiration of the three years. Moreover, Doren presents nothing to suggest she was prejudiced by counsel's allegedly deficient representation. Because her claim is not sufficiently developed, we decline to consider it. *See State v. Harris*, 919 N.W.2d 753, 754 (Iowa 2018) ("If the development of the ineffective-assistance claim in the appellate brief was insufficient to allow its consideration, the court of appeals should not consider the claim, but it should not outright reject it.").

**AFFIRMED.**