# IN THE COURT OF APPEALS OF IOWA

No. 19-0919
Filed April 29, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**TAWNIA JEAN JORGENSEN,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Butler County, Peter B. Newell, District Associate Judge.

Tawnia Jorgensen appeals her conviction and sentence of operating while intoxicated following an *Alford* plea. **AFFIRMED.**

Andrew C. Abbott of Abbott Law Office, P.C., Waterloo, for appellant.

Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and May, JJ.

**MAY, Judge.**

On June 15, 2018, police responded to an erratic-driving complaint. Police encountered Tawnia Jorgensen at a convenience store. She told police she had driven to the store. Police noted her "behavior was erratic and she had difficulty communicating." Police also noticed her bloodshot eyes and large pupils.

Police transported Jorgensen to the sheriff's office where she consented to providing a urine sample. Inventory of Jorgensen's vehicle revealed various prescription drugs, a scale that smelled of marijuana, and an open can of beer. Jorgensen's urine sample was positive for multiple drugs.

The State charged Jorgensen with operating while intoxicated, in violation of Iowa Code section 321J.2 (2018). She pled to the charge by signing a written *Alford* plea.[1] *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970) (allowing a defendant to plead guilty to a crime without admitting participation in the underlying facts that constitute the crime). Jorgensen waived many rights, including "any right . . . to be present in court for purposes of taking [her] plea or for sentencing upon [the] plea." She appeals.

Jorgensen contends her trial counsel was ineffective for (1) "strong arm[ing] her into signing" the plea and failing to complete discovery, (2) failing to fully inform Jorgensen of the basis and nature of the plea, and (3) failing to make a record of

---

[1] We recognize Iowa Code section 814.6 (2019) was recently amended to prohibit most appeals from guilty pleas. *See* 2019 Iowa Acts ch. 140 § 28. In *State v. Macke*, however, our supreme court held these amendments "apply only prospectively and do not apply to cases pending on July 1, 2019." 933 N.W.2d 226, 228 (Iowa 2019). We are bound by our supreme court's holding. We conclude, therefore, the amendments "do not apply" to this case, which was pending on July 1, 2019. *See id.*

the sentencing.[2]  "We review claims of ineffective assistance of counsel de novo because such claims have their basis in the Sixth Amendment of the United States Constitution."  *State v. Albright*, 925 N.W.2d 144, 151 (Iowa 2019).  "A claimant alleging ineffective assistance of counsel must prove (1) counsel failed to perform an essential duty and (2) prejudice resulted."  *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009).  "To establish prejudice, a claimant must demonstrate 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"  *Id.*

Here, the current record is not sufficiently developed to conclude counsel "failed to perform" any essential duty.  Nor can we conclude that, but for counsel's failures, Jorgensen would not have entered the plea and instead proceeded to trial from the available record.  So we find these claims are not developed for our review.  Therefore, we must preserve them.  *See, e.g.*, *State v. Harris*, 919 N.W.2d 753, 754 (Iowa 2018).

**AFFIRMED.**

---

[2] Recent amendments to section 814.7 also prohibit our consideration of ineffective-assistance claims on direct appeal.  *See* 2019 Iowa Acts ch. 140, § 31.  But because this appeal was pending on July 1, 2019, we may consider Jorgensen's ineffective-assistance claim on direct appeal if the record is sufficient.  *See Macke*, 933 N.W.2d at 228.