# IN THE COURT OF APPEALS OF IOWA

No. 19-0587
Filed May 13, 2020

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**MICHAEL PAUL KURNES,**
      Defendant-Appellant.

_____

Appeal from the Iowa District Court for Appanoose County, Rose Anne Mefford, District Associate Judge.

Michael Kurnes appeals from his sentence after pleading guilty to operating while intoxicated, third offense. **AFFIRMED.**

Steven E. Goodlow of Goodlow Law Firm, Albia, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and May, JJ.

**MAY, Judge.**

Michael Kurnes pled guilty[1] to operating while intoxicated, third offense, in violation of Iowa Code section 321J.2 (2018).  The district court sentenced Kurnes to prison.

On appeal, Kurnes contends his trial counsel was ineffective.[2]  To obtain relief, Kurnes must prove "by a preponderance of the evidence that (1) counsel failed to perform an essential duty, and (2) prejudice resulted."  *State v. Cromer*, 765 N.W.2d 1, 7 (Iowa 2009).  "Ordinarily, ineffective assistance of counsel claims are best resolved by postconviction proceedings to enable a complete record to be developed and afford trial counsel an opportunity to respond to the claim."  *State v. Truesdell*, 679 N.W.2d 611, 616 (Iowa 2004).

Kurnes's brief suggests several ways in which he believes counsel was ineffective.  But we do not find his claims are sufficiently developed for our review. So we must preserve his claims for a future postconviction-relief proceeding.  *See State v. Harris*, 919 N.W.2d 753, 754 (Iowa 2018) ("If the development of the ineffective-assistance claim in the appellate brief was insufficient to allow its

---

[1] Iowa Code section 814.6 (2019) was recently amended to prohibit most appeals from guilty pleas.  *See* 2019 Iowa Acts ch. 140 § 28.  In *State v. Macke*, however, our supreme court held these amendments "apply only prospectively and do not apply to cases pending on July 1, 2019."  933 N.W.2d 226, 228 (Iowa 2019).  We are bound by our supreme court's holding.  We conclude, therefore, the amendments "do not apply" to this case, which was pending on July 1, 2019.  *See id.*

[2] We recognize Iowa Code section 814.7 (2019) was also recently amended to provide in pertinent part: "An ineffective assistance of counsel claim in a criminal case shall be determined by filing an application for postconviction relief" and "shall not be decided on direct appeal from the criminal proceedings."  *See* 2019 Iowa Acts ch. 140, § 31.  But because this appeal was pending on July 1, 2019, the amendment "do[es] not apply" to this case.  *See Macke*, 933 N.W.2d at 235.

consideration, the court of appeals should not consider the claim, but it should not outright reject it.").

**AFFIRMED.**