# IN THE COURT OF APPEALS OF IOWA

No. 19-0597
Filed December 16, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**DAMARRIUS TODD,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, David P. Odekirk, Judge.

Damarrius Todd appeals his conviction for third-degree sexual abuse. **AFFIRMED.**

G. Brian Weiler, Davenport, for appellant.

Thomas J. Miller, Attorney General, and Katie Krickbaum, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., Ahlers, J., and Gamble, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**GAMBLE, Senior Judge.**

Damarrius Todd appeals his conviction for sexual abuse in the third degree. He claims he received ineffective assistance of counsel.[1] We affirm.

We review ineffective-assistance claims de novo. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). However, we typically preserve ineffective-assistance claims for postconviction-relief proceedings. *State v. Graves*, 668 N.W.2d 860, 869 (Iowa 2003).

Todd's claim is not sufficiently developed for our consideration. To establish an ineffective-assistance claim, Todd "must show (1) that counsel failed to perform an essential duty and (2) that prejudice resulted." *See State v. Kuhse*, 937 N.W.2d 622, 628 (Iowa 2020) (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)). But his briefing does not identify this test. He does not squarely present an argument as to counsel's alleged breach of duty. While Todd asserts his trial counsel failed to object to a statement of the complaining witness, his argument does not refer to the *Strickland* standard. *See id.* (identifying counsel's breach of an essential duty as the first element of an ineffective-assistance claim). And he presents no argument as to the resulting prejudice. *See id.* (identifying prejudice as the second element of an ineffective-assistance claim).

---

[1] Iowa Code section 814.7 was recently amended to provide in pertinent part: "An ineffective assistance of counsel claim in a criminal case shall be determined by filing an application for postconviction relief" and "shall not be decided on direct appeal from the criminal proceedings." *See* 2019 Iowa Acts ch. 140, § 31 (codified at Iowa Code § 814.7 (Supp. 2019)). In *State v. Macke*, however, our supreme court held these amendments "apply only prospectively and do not apply to cases pending on July 1, 2019." 933 N.W.2d 226, 235 (Iowa 2019). Therefore, we conclude the amendments "do not apply" to this case, which was pending on July 1, 2019. *See id.*

When "the development of the ineffective-assistance claim in the appellate brief [is] insufficient to allow its consideration, [we] should not consider the claim, but [we] should not outright reject it." *State v. Harris*, 919 N.W. 2d 753, 754 (Iowa 2018). Where appellant's brief includes only a cursory discussion of ineffective-assistance of counsel, the claim should be preserved for possible postconviction-relief proceedings. *See State v. Thomas*, No. 19-0379, 2020 WL 5651563, at *5 (Iowa Ct. App. Sept. 23, 2020) (citing *Harris*, 919 N.W.2d at 754). So we preserve Todd's ineffective-assistance claim for possible postconviction-relief proceedings.

**AFFIRMED.**