# IN THE COURT OF APPEALS OF IOWA

No. 18-1337
Filed January 9, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DION BANKS,**
        Defendant-Appellant.

_____

Appeal from the Iowa District Court for Scott County, Joel W. Barrows,

Judge.

Dion Banks appeals his sentence for delivery of heroin. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, (until withdrawal) and Maria

Ruhtenberg, Assistant Appellate Defender, for appellant.

Dion Jeremiah Banks, Mt. Pleasant, pro se appellant.

Thomas J. Miller, Attorney General, and Israel Kodiaga, Assistant Attorney

General, for appellee.

Considered by Bower, C.J., and May and Greer, JJ.

**BOWER, Chief Judge.**

Dion Banks appeals his sentence from a conviction of delivery of heroin. He claims the district court abused its discretion during sentencing. We find the court did not abuse its discretion and affirm.

## I.     Background Facts & Proceedings

In a Wal-Mart parking lot on the morning of October 22, 2017, Matt Brown got out of a truck driven by Brice Bennett and got into Banks's vehicle. The two vehicles then moved to a casino parking lot, where surveillance cameras recorded both vehicles. While in Banks's vehicle, Brown purchased heroin from Banks. Brown returned to Bennett's vehicle, and they travelled to a hotel where they used the heroin. Bennett overdosed on heroin that day.[1]

On January 30, 2018, two criminal complaints for controlled-substance violations were filed against Banks. On March 12, a trial information charged Banks with delivery of heroin. Following trial in May, a jury found Banks guilty of delivery of less than 100 grams of heroin, in violation of Iowa Code section 124.401(1)(c)(1) (2017), a class "C" felony.

At the sentencing hearing, Banks asked for his sentence to run concurrently with his sentence imposed in a separate case. The events leading to the other sentence occurred after those underlying this case, but Banks had already been sentenced in the latter before trial here. The State requested the sentences run consecutively and alluded to the amount of narcotics involved in the other case

---

[1] Bennett recovered following medical intervention.

during its recommendation. The court sentenced Banks to a term of ten years' incarceration to run consecutively to his other sentence.

## II.     Standard of Review

If a sentence is within the statutory limits, we review a district court's sentencing decision for an abuse of discretion. *State v. Seats*, 865 N.W.2d 545, 552 (Iowa 2015). "Thus, our task on appeal is not to second guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds." *Id.* at 553 (citation omitted). "In other words, the district court did not abuse its discretion if the evidence supports the sentence." *Id.*

## III.     Analysis

**A.     Sentencing.** Banks claims the sentencing court abused its discretion by imposing his sentence in this case consecutive to his other sentence and for considering unproven crimes.

*Consecutive sentence.* The sentencing court must "state on the record its reason for selecting the particular sentence." Iowa R. Crim. P. 2.23(3)(d). The rule also "applies to the district court's decision to impose consecutive sentences." *State v. Hill*, 878 N.W.2d 269, 273 (Iowa 2016). The purpose for this rule is to ensure defendants know the consequences of criminal actions and "affords our appellate courts the opportunity to review the discretion of the sentencing court.'" *Id.* (citation omitted). The statement of reasons may be "terse and succinct" as long as the statement's brevity "does not prevent review of the exercise of the trial court's sentencing discretion." *State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015) (citation omitted).

Our supreme court has ruled the reasons—"protection of the community, seriousness of the crime, and the nature and circumstances of the offense"—"can be sufficient to show the exercise of discretion to impose a particular sentence." *Hill*, 878 N.W.2d at 274. However, boilerplate language, "this sentence will provide reasonable protection of the public," standing alone, does not satisfy the reasons requirement. *Thacker*, 862 N.W.2d at 408. The sentencing court "should also explicitly state the reasons for imposing a consecutive sentence, although in doing so the court may rely on the same reasons for imposing a sentence of incarceration." *Hill*, 878 N.W.2d at 275.

When sentencing Banks, the court provided its reasoning on the record:

> The court is going to run this sentence consecutive to that in FECR388199. The reasons for that are the very serious nature of this offense, because of Mr. Banks's criminal history, for the protection of the community. The sentences are consecutive for those reasons and because they were separate offenses.

It is clear the court understood it had discretion to impose this sentence consecutive or concurrent to Banks's other sentence, and it provided sufficient reasons to impose the sentence consecutive to Banks's other sentence. The court did not abuse its discretion in its sentencing decision.

*Sentencing considerations.* When claiming the court considered unproven crimes, Banks refers to his presentence investigation (PSI) report, which listed numerous arrests as a juvenile and adult, primarily in Illinois. Banks notes his adult convictions prior to the most recent offenses were misdemeanors. He also questions the language used by the author of the PSI report, including the author's own impressions and generalizations.

At the sentencing hearing, defense counsel expressly brought to the court's attention that a number of the entries in the "criminal history" portion of the PSI report were only arrests or charges, not convictions. "If a district court improperly considers unprosecuted and unproven additional charges, we will remand the case for resentencing." *State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002). However, "[w]e will not draw an inference of improper sentencing considerations which are not apparent from the record." *Id.*

The sentencing court expressly noted it would "not consider any criminal history in the PSI that did not result in a conviction or adjudication of delinquency." To the extent the PSI author may have made statements of personal opinion in the report, Banks waived that challenge when he failed to object to the court's use of the PSI report.

The district court did not consider any improper factors in imposing Banks's sentence. We affirm.

**B.     Pro Se Issues.**  Banks submitted a pro se brief raising eleven potential ineffective-assistance-of-counsel claims.[2]  Banks also challenges the district's court jurisdiction and authority over him, claiming any judgment against him is void.

---

[2] We note Iowa Code section 814.6A(1) was recently enacted to prohibit defendants from filing pro se briefs when represented by counsel. *See* 2019 Iowa Acts ch. 140, § 30.  Section 814.7 was also amended to limit ineffective-assistance-of-counsel claims to postconviction-relief actions. *Id.* § 31.  Our supreme court concluded the change to section 814.7 "appl[ies] only prospectively and do[es] not apply to cases pending on July 1, 2019." *See State v. Macke*, 933 N.W.2d 226, 235 (Iowa 2019).  We apply this reasoning to section 814.6A(1) and conclude the pro-se-brief limitation does not apply to this appeal, which was filed prior to July 1, 2019.

The record on appeal is not sufficient to evaluate the majority of Banks's ineffective-assistance-of-counsel claims. *See State v. Harris*, 919 N.W.2d 753, 754 (Iowa 2018). We preserve all but one of Banks's ineffective-assistance claims for postconviction relief so he can develop the claims fully, provide any supporting evidence, and allow counsel an opportunity to respond.[3] *See id.*

However, we address and dismiss Banks's claim his counsel was ineffective for "forcing" him into a not-guilty plea when Banks "demanded an innocent plea of good faith be entered." The plea options available before a criminal court in Iowa are "guilty, not guilty, or former conviction or acquittal." Iowa R. Crim. P. 2.8(2)(a). Banks does not claim he had previously been tried and convicted or acquitted on the offense. Therefore, his only viable pleas were "guilty" and "not guilty." Counsel was not ineffective for interpreting Banks's "innocent plea" as a plea of not guilty.

As to his jurisdictional and authority challenge, this challenge is without merit.[4] The district court has jurisdiction and authority to hear and decide criminal cases. Iowa Const. art. V, § 6 ("The district court shall be a court of law and equity, . . . and have jurisdiction in civil and criminal matters arising in their respective districts, in such manner as shall be prescribed by law."); Iowa Code § 602.6101 ("The district court has exclusive, general, and original jurisdiction of

---

[3] We caution Banks that in any postconviction ineffective-assistance claim, he "must state the specific ways in which counsel's performance was inadequate and identify how competent representation probably would have changed the outcome." *See Dunbar v. State*, 515 N.W.2d 12, 15 (Iowa 1994).

[4] Banks makes reference to bankruptcy and contract law, neither of which was an issue in his criminal case and, thus, are not properly raised here. *See Meier v Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided in the district court before we will decide them on appeal.").

all actions, proceedings, and remedies, civil, criminal, probate, and juvenile. . . . The district court has all the power usually possessed and exercise by trial courts of general jurisdiction, and is a court of record."); *see State v. Ambrose*, 861 N.W.2d 550, 561 (Iowa 2015). This criminal case was properly heard and decided in the district court, and we dismiss this challenge.

**AFFIRMED.**