# IN THE COURT OF APPEALS OF IOWA

No. 20-0536
Filed June 30, 2021

**RICKY LEON RIDDLE,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Lee (South) County, Mary Ann
Brown, Judge.

The applicant appeals the denial of his application for postconviction relief.
**AFFIRMED.**

William Monroe, Burlington, for appellant.

Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney
General, for appellee State.

Considered by May, P.J., and Greer and Schumacher, JJ.

**GREER, Judge.**

Ricky Riddle appeals the denial of his application for postconviction relief (PCR) following his 2017 conviction for intimidation with a dangerous weapon. *See* Iowa Code § 708.6 (2017). "We typically review [PCR] proceedings on error" but we review "claim of a constitutional nature . . . de novo." *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001).

At Riddle's trial,

> the complaining witness, who was the on-again, off-again girlfriend of Riddle for the previous twenty years, testified that in the early morning hours of Wednesday, May 17, she was driving her father's car around town because she was bored. As she got near a specific intersection, she noticed Riddle standing under a streetlight, wearing a shirt she had bought him. She testified at that point in their relationship, they "were fighting. [They] had been fighting a lot." Because he looked angry when she saw him, she wanted to leave without talking to him. She testified he started coming toward her vehicle, so she put it in reverse and began to drive away. At about the same time, Riddle "pulled the gun out and started shooting towards the car." Then, while still driving away from Riddle, she heard a hissing noise. As she continued to drive away, the witness called the police and reported the incident; during the call, she identified Riddle as the shooter.
>
> During the drive, the witness realized that the front, driver-side tire had gone flat. An officer responded at 2:58 a.m. The police later inspected the tire: they found a hole in it and, once they had removed it from the rim, pieces of shrapnel loose inside the tire. Officers also later located a shell casing in the general area the shooting had occurred according to the description of the complaining witness.

*State v. Riddle*, No. 17-1729, 2018 WL 4923130, at *1 (Iowa Ct. App. Oct. 10, 2018). The jury convicted Riddle as charged, and he was sentenced to a term of incarceration not to exceed ten years.[1]

---

[1] Riddle directly appealed his conviction, which this court affirmed. *Riddle*, 2018 WL 4923130, at *7.

Riddle filed a PCR application in January 2019, which he later amended with the assistance of counsel. In that application, Riddle claimed he received ineffective assistance from trial counsel because counsel failed to impeach the trial testimony of the State's main witness with her sworn deposition.[2] Specifically, Riddle argued his attorney should have impeached the witness because she testified at trial, "And that's when he, like, pulled the gun out and started shooting towards the car." He maintained this was at odds with the witness's sworn deposition, when she testified she did not see Riddle with a gun. Riddle raised the issue using the traditional prejudice analysis found in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *See Krogmann v. State*, 914 N.W.2d 293, 313 (Iowa 2018) ("In *Strickland*, the Court declared that for most attorney errors, a defendant who demonstrates counsel breached an essential duty must also show prejudice in order to be entitled to relief.").

The PCR court ruled Riddle did not prove his claim of ineffective assistance. Riddle's trial attorney did not need to impeach the witness because on cross-examination, when the attorney asked, "Now, you testified today that you saw him pull a gun out?" the witness responded, "I didn't see him pull a gun out. I never seen a gun." Riddle's attorney pressed, "You never saw a gun?" and the witness responded, "No, never did; never seen a gun that night; never seen a gun." The witness then explained that she saw Riddle "reach for whatever" and then "whatever he pulled out, said pop, pop, pop, like a gunshot" but she never saw a gun. And, according to the PCR court, Riddle's assertion that "the cross-

---

[2] Riddle also alleged four other ways trial counsel allegedly breached a duty; he has not re-raised those issues on appeal.

examination would have been more effective before the jury if trial counsel had used [the witness's] own words from her deposition to do this" was "mere speculation" and could be chalked up to trial strategy. *See Ledezma*, 626 N.W.2d at 143 ("Miscalculated trial strategies and mere mistakes in judgment normally do not rise to the level of ineffective assistance of counsel.").

Insofar as Riddle's claim on appeal is that the PCR court was wrong about whether he proved counsel breached an essential duty that caused him prejudice, we disagree. *See State v. Clay*, 824 N.W.2d 488, 495 (Iowa 2012) ("To prevail on a claim of ineffective assistance of counsel, a claimant must satisfy the *Strickland* test by showing '(1) counsel failed to perform an essential duty; and (2) prejudice resulted.'" (citation omitted)). Counsel elicited the information from the State's witness that Riddle maintains the jury needed to hear, and he has not established that doing so in a different way would have led to his acquittal.

It seems to us (and the State) that Riddle has attempted to repackage his PCR claim on appeal; he now asserts counsel's failure to impeach the witness amounted to structural error so he need not prove he was prejudiced. *See Krogmann*, 914 N.W.2d at 313 ("Situations where a showing of prejudice is not required for ineffective-assistance-of-counsel claims generally manifest as what have been labeled 'structural errors.' A structural error or defect has been said to arise when the flaw 'affect[s] the framework within which the trial proceeds.' Structural error occurs and prejudice is presumed where, under the circumstances, the likelihood of counsel rendering effective assistance is too remote." (alteration in original) (citations omitted)). But Riddle never raised the issue of structural error before, so this claim is not preserved for our review. *See Meier v. Senecaut*, 641

N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal."); *see also State v. Mulvaney*, 600 N.W.2d 291, 293 (Iowa 1999) ("[W]e require error preservation even on constitutional issues."). And Riddle does not claim on appeal that his PCR counsel was ineffective for failing to raise the issue, so his structural-error claim does not fall within that exception to our traditional error-preservation rules. *See State v. Fountain*, 786 N.W.2d 260, 262–63 (Iowa 2010) ("Ineffective-assistance-of-counsel claims are an exception to the traditional error-preservation rules."); *see also State v. Harris*, 919 N.W.2d 753, 754 (Iowa 2018) ("When counsel fails to preserve error at trial, a defendant can have the matter reviewed as an ineffective-assistance-of-counsel claim."). We will not consider Riddle's structural-error claim.

We affirm the denial of Riddle PCR application.

**AFFIRMED.**